UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DARCY M. BLACK,

                              Plaintiff,

                                                              **Hon. Hugh B. Scott**

                                                              15CV49S

                    v.                                        **Order**


BUFFALO MEAT SERVICE, INC., et al.,

                              Defendants.


        Before the Court is plaintiff's motion to compel defendants to comply with this Court's

Order (Docket No. 27, Order of Aug. 16, 2016, familiarity with which is presumed; <u>see also</u>

Docket No. 23, plaintiff's original motion to compel) to provide complete responses to

Paragraphs 8, 12, and 13 of her First Request for Production of Documents; granting an

expedited hearing; granting relief from the August 16, 2016, Order to compel production of

complete personnel documents; and granting extension of the Second Amended Scheduling

Order (<u>see</u> Docket No. 27) by 90 days (Docket No. 28).  Responses were due by November 15,

2016, with any reply due by November 22, 2016 (Docket No. 29), with the Scheduling Order

(Docket No. 27) deadlines held in abeyance pending resolution of this motion (Docket No. 29).

        Defendants submitted their Memorandum of Law in response to this motion (Docket

No. 30) but no responding affidavit, <u>see</u> W.D.N.Y. Local Civ. R. 7(a)(3) (motions and opposition

to most motions "shall be supported by at least one (1) affidavit and by such other evidence . . .

as appropriate to resolve the particular motion").  Plaintiff filed her Reply Memorandum and her

attorney's Reply Declaration (Docket No. 31).

BACKGROUND

Plaintiff makes claims under several federal and New York State civil rights and

employment discrimination laws (Title VII, the Civil Rights Act of 1964, the Equal Pay Act,

42 U.S.C. § 1981, New York State Human Rights Law), contending that defendant employers

created a hostile work environment on the basis of race and sex and had constructively

discharged her (Docket No. 2, Compl.).  She claims that male coworkers were paid more than

she was and were allowed more breaks than she was; that her coworkers made sexual and racial

comments; that the shop rejected African American applicants (although plaintiff is a Caucasian

female); and a coworker allegedly made comments regarding her biracial children (see id.;

Docket No. 25, Defs. Memo. at 1).

Defendants answered (Docket No. 8), asserting 28 affirmative defenses, about half of

them declaring that each of plaintiff's ten causes of action failed to state a claim (id. ¶¶ 154-82;

see also id. at pages 17-18 (Reservation of Rights as to named affirmative rights and reserve

right to other, unnamed defenses)).  This case was referred to the undersigned (Docket No. 9)

and a Scheduling Order was entered (Docket No. 13; see Docket Nos. 10 (Scheduling

Conference Notice), 11 (plaintiff's proposed discovery plan), 12 (minutes from Scheduling

Conference)) and later was amended (Docket No. 22).

Plaintiff later moved to compel responses to her discovery demands (Docket No. 23),

which was granted in part, denied in part (Docket No. 27, Order of Aug. 16, 2016).  The

Scheduling Order again was amended when this initial motion to compel was decided (Docket

2

No. 27); discovery then was due by December 15, 2016, with expert disclosures due by October 31, 2016 (from plaintiff), and November 30, 2016 (from defendants) (id.).

Plaintiff filed her present motion to compel and for expedited hearing (Docket No. 23). So much of that motion for an expedited hearing was denied in part (Docket No. 29); a standard briefing schedule was entered for the remainder of this motion (id.) but the discovery deadlines of the Scheduling Order (cf. Docket No. 27) were held in abeyance pending resolution of this motion (Docket No. 29).

DISCUSSION

I.      Motion Practice under Local Rule 7

This Court's Local Rule 7(a)(3) requires movants and opponents to file an affidavit and such evidence (such as deposition testimony, Interrogatory answers, admissions, or documents) as appropriate to resolve the motion, W.D.N.Y. Loc. Civ. R. 7(a)(3). "Failure to comply with this requirement may constitute grounds for resolving the motion against the non-complying party," id. (emphasis added).

Plaintiff in her reply urges that defense response be stricken since it did not comply with Local Rule 7(a)(3) because it was without an affidavit or other evidence (Docket No. 31, Pl. Atty. Reply Decl. ¶ 3; Docket No. 31, Pl. Reply Memo. at 4). She concludes that "since Plaintiff's Motion is predicated on Defendants' failure to appropriately respond to this Court's prior Order filed August 16, 2016, failure to comply with outstanding discovery requests, and material misrepresentations made by them, the failure to offer a sworn statement refuting the facts set forth in the Declaration of Josephine A. Greco in support of Plaintiff's Motion (Dkt. 28-

3

1) renders their opposition papers deficient and warrants a ruling against them on this Motion"
(Docket No. 31, Pl. Reply Memo. at 4).

Local Rule 7 provides a ground for striking non-compliant motion or responding papers.
But that Rule does not require the striking of a non-compliant paper.  In Lewis v. FMC Corp.,
No. 04CV331, 2008 WL 4500185 (W.D.N.Y. Sept. 30, 2008), the defendant sought to strike
plaintiffs' motion for partial summary judgment because it lacked a then called Rule 56.1
statement and no memorandum of law with "meaningful factual or legal argument," id. at *1.
Judge William Skretny agreed because the warning in the Local Rules that non-compliance with
this rule "constitutes grounds for denial," id., and the plaintiff's counsel[1] had been previously
warned to comply with these rules, id., citing Lester v. M&M Knopf Auto Parts, No. 04CV850,
2006 WL 2806465, at *1 (W.D.N.Y. Sept. 28, 2006) (Skretny, J.) (defense motion for summary
judgment); see Lester, 2006 WL 2806465, at *1 & n.3 (plaintiff's non-compliance caused
defense to file multiple reply memoranda and adjournment of oral argument)[2].  Plaintiffs'
counsel had opportunities to respond and address defendant's motion to strike but failed to do so,
so Judge Skretny denied plaintiffs' motion and granted defendant's motion to strike, Lewis,
supra, 2008 WL 4500185, at *1.  Based on these repeated failures to comply with the Local
Rules, the Court struck plaintiffs' motion, id.

Here, defendants rely upon their production prior to plaintiff's first motion to compel,
asserting in their Memorandum that they subsequently produced all earning records (Docket
No. 30, Defs. Memo. at 2) and attached exhibits to the Memorandum of examples of tax

---

[1]David Seeger, Esq.

[2]Despite granting the motion to strike plaintiff's filings for noncompliance with Local Rules, plaintiff still
cited to the struck papers but those papers were not considered, 2006 WL 2806465, at *1 & n.2.

statements that were produced (id., Exs. A., B).  Defendants in their response did not submit a copy of what was served as discovery or describe (for example, the number of additional pages served, the years and names of employees personnel and payroll records that were submitted) what they subsequently produced.  The better practice would have been to swear an affidavit as to what was produced after the August 16, 2016, Order and attach exhibits to that document. Even though this Court disfavors, Fed. R. Civ. P. 5(d)(1), filing discovery responses (aside from pro se actions, cf. W.D.N.Y. Loc. Civ. R. 5.1(f)), the issue here is what was (or was not) produced.

Unlike the plaintiff in Lewis, supra, defendants here presented facts (perhaps not in an admissible format) in response to plaintiff's motion.  This Court is not completely in the dark as to the defense's factual position on the present motion.  Admissibility, unlike in a dispositive motion, such as Rule 56 or Rule 12, with their own specific rules addressing this concern, see Fed. R. Civ. P. 56(c)(1), (2); W.D.N.Y. Loc. Civ. R. 56(a)(1), (2) (movant's and opposing statements), 7(a)(3) (excepting Rule 12 motions from affidavit and admissible evidence requirement), is less of an issue for a procedural motion such as here to compel production.  The factual dispute here is whether defendants complied with this Court's Order and what was (or was not) produced to plaintiff.  Also, there is no record of prior complaints that defense counsel here has failed to comply with Rule 7(a)(3), cf. Lewis, supra, 2008 WL 4500185.

Rather than either grant plaintiff relief and strike defendants' present response or delay further this action and require a defense affidavit to respond to the present motion, this Court will address the merits of the contentions on the present record.

5

II.     Discovery

Familiarity with discovery standards announced in the initial Order (Docket No. 27,

Aug 16, 2016, Order at 9-10) is presumed.

A.     Complete Discovery Responses

Plaintiff seeks "complete responses" to Paragraphs 8, 12, and 13, of her First Request for

Production of Documents (Docket No. 28, Pl. Atty. Decl. ¶ 13, Ex. A).  Request No. 8 seeks

production of defendants' manuals, handbooks, procedures and policies on a myriad of human

resource issues (Docket No. 23, Pl. Atty. Decl. Ex. B).  Defendants' initial disclosures identifies

as documents within their custody, possession and control "Buffalo Meat Service, Inc.'s,

employee practices, policies and procedures" (id. Ex. K).  While focused on the number of

Interrogatories posed (Docket No. 25, Defs. Memo. at 10-15) and the proportionality of

plaintiff's discovery in general (id. at 4-10) and for Request No. 8 specifically (id. at 7-8),

defendants responded to Request No. 8, objecting that the request was overly broad, unduly

burdensome, and not likely to lead to discoverable material and referred to documents already

produced (Docket No. 23, Pl. Atty. Decl. ¶ 21, Ex. H; cf. id.,; Docket No. 26, Pl. Reply Memo. at

4 (Request No. 8 seeking defendants' company policies)).  Plaintiff responded that no manuals,

handbooks, policies or procedures were produced (Docket No. 23, Pl. Atty. Decl. ¶ 21). Without

a temporal limitation, defendants rejected producing responses to this Request because producing

these items "would have zero bearing on the claims or defenses in this action" (Docket No. 25,

Defs. Memo. at 8).  In the correspondence prior to the motion to compel, plaintiff offered to limit

Request No. 8 to start from plaintiff's first date of employment forward "since any such

handbooks, policies and procedures would be applicable to Ms. Black had she not been discharged as a result of discrimination" (Docket No. 23, Pl. Atty. Decl. Ex. I at 4).

In Request No. 12, plaintiff seeks "all W-2 Statements, Form 1099, and other tax documentation for the period of January 1, 2004 to the conclusion of this action for every individual who was employed by, contracted to work for, or did work on behalf of Defendants" (Docket No. 23, Pl. Atty. Decl. Ex. B).  Again, defendants objected to this request being overly broad, vague and ambiguous, and not likely to lead to discoverable material (id. ¶ 22), claiming that these items were not in their possession (id.) a claim plaintiff flatly rejects (id.).  She contends that defendants are obligated to retain W-2 statements of employees and contractors (id.).

Request No. 13 seeks "all payroll records reflecting the salaries, compensation and/or benefits paid to employees, individuals contracted to work for Defendants and individuals who worked on behalf of Defendants from January 1, 2004 through the present, indicating the pay and/or wages of such individual whether such pay and/or wages was by check, cash, or like-kind benefits" (id., Ex. B).  Over their objections, defendants produced payroll ledgers from 2005 to 2010 (id. ¶ 23).  On or about September 21, 2016, defendants produced electronic records of Payroll Pre-Check Writing reports for 2005-10, and not W-2 statements save for 2006 (id. ¶ 14), and no records for plaintiff's earnings in 2011 (id.¶¶ 15, 22).  Plaintiff continued to request production of W-2 "statements" (that is, those statements issued by the Internal Revenue Service or the New York State Department of Taxation and Finance) and instead received defense-generated W-2 reports with defendants claiming that no further W-2 statements other than those already produced would be furnished (id. ¶ 18) (for 2006 only, id. ¶¶ 14, 19).  Plaintiff argues

7

that defendant Buffalo Meat Service, Inc., was required to maintain W-2 statements (id. ¶ 18). She also contends that she cannot verify that the information in defense W-2 reports is the same as contained in W-2 statements (id.).  These W-2 statements are necessary due to inconsistent documents defendants have furnished to the EEOC, stating that some employees had different salaries than were reported elsewhere (id. ¶¶ 20-21, 24).

Defendants respond that plaintiff's motion to compel should be denied because after producing 500 pages of documents, defendants produced earnings records for all counter workers for defendants and still plaintiff "wants more:  the production of documents which this Court has already determined are outside the scope of proportionality" (Docket No. 30, Defs. Memo. at 2-4).  Defendants produced examples of the Pre-Check Writing Report (id., Ex. A), and W-2 reports (id., Ex. B) that were produced to plaintiff.  Defendants produced all weekly payroll reports for all employees from 2005 to 2010, the years plaintiff worked for defendant Buffalo Meat Service (id. at 1); plaintiff demands more, seeking additional payroll records for employees up to the present (id. at 2).  Defendants declare that plaintiff mischaracterized this Court's August 16 Order by stating that defendants had to produce all W-2s and the like (id. at 3).  Defense counsel advised plaintiff's counsel that, aside from the W-2s already produced, the additional documents sought did not exist (id. at 3 & n.3).  Defendants point out that any inconsistencies in the records could be addressed in depositions (id. at 4 n.4).

In reply, plaintiff argues that this Court ordered defendants to produce documents for her Equal Pay Act claim (Docket No. 31, Pl. Atty. Reply Decl. ¶ 4).  While contending that defendants are a "mom and pop" store, plaintiff contends that defendants are the sole source of the information sought by plaintiff and that it is critical to calculation of her damages (id. ¶ 6).

Defendants fail to explain (in a sworn statement or otherwise) why they have W-2 statements for 2006 only (id. ¶ 7).  She also claims that defendants do not oppose information regarding the costs of benefits and the criteria for employees to qualify for them (id. ¶ 8) as well as timesheets (id.), although defendants question producing these timesheets as duplicative, unnecessary (Docket No. 30, Defs. Memo. at 3-4, & 3 n.3).

        1.      Request No. 8, Defendants' Handbooks, Manuals, Policies and Practices

      The parties have not addressed specifically Request 8, the manuals and policy statements of defendants, beyond defendants' proportionality arguments addressed in the first Order (see Docket No. 27, Order of Aug. 16, 2016, at 12-15) and their claim in their initial response that the documents were provided within the over 500 pages of disclosed documents.  That proportionality analysis still stands; regarding this particular request, as defendants noted (Docket No. 25, Defs. Memo. at 7-8), this request expansively requires production on virtually every aspect of employment with defendants.

      Given that it is a self-characterized "mom and pop shop" (Docket No. 30, Defs. Memo. at 5), there may not be many responsive documents and those may have been produced.  What defendants have not identified (in their initial response, in response to the initial or this pending motion) is which of the 500 pages of initially produced material or the unknown number of subsequently produced discovery are responsive to plaintiff's demand for handbooks, manuals and alike.  Unlike the W-2 statements (cf. Docket No. 30, Defs. Memo. at 3), defendants do not claim that no handbooks exist.  Plaintiff argues that no manuals, handbooks or the like were produced.  This Court's earlier declaration that defendants' production as of the first motion was sufficient and proportionate (Docket No. 27, Order at 15) assumed that when defendants claimed

responsive documents were produced among the 500 plus pages that the particular request was met.  Defendants' hiring and personnel policies and procedures are relevant to plaintiff's claims. If such document or series of documents exist, their production would **not be disproportionate relative to the claims and defenses in this case**.  As the self-proclaimed "mom and pop" operation, defendants may not have as many documents responsive to this request as a Fortune 1000 corporation, but such documents **should be produced** or defendants should identify which already produced documents respond to this request.  Plaintiff's motion compelling this production is **granted**.

> 2.      Requests 12 and 13, Tax and Payroll Records

The bulk of the argument (both in this part of the motion and the reconsideration motion) focus on Requests 12 and 13, regarding payroll documents and W-2 statements.  Plaintiff claims that she was constructively discharged on May 25, 2010 (Docket No. 2, Compl. ¶¶ 47-49), but her claims are for lost future wages (e.g., id. ¶ 58), making wages paid since 2010 relevant.  But relevant is one aspect of what is now discoverable under the amended Rule 26; a key factor is the proportionality of obtaining relevant material.

Plaintiff's new motion initially does not address proportionality.  She argues the rationale for the complete responses sought without weighing, for example, the effort to obtain all W-2 statements sought with the scope of the claims and defenses asserted.  Plaintiff seeks extensive records from what defendants characterize as a "mom and pop" operation (see Docket No. 30, Defs. Memo. at 5; but cf. Docket No. 31, Pl. Reply Memo. at 1).  This Court denied her original motion to compel the full extent of coworkers' personnel records, including W-2s, sought by plaintiff on proportionality grounds, finding that defendants' production (of 500 pages) was

10

sufficient and proportionate (see Docket No. 27, Order at 12-15).  Again (id. at 14), looking at the totality of the requests compared with the claims at issue, the extent of the requests remain disproportionate to the claims at issue here, even if the focus is narrowed to three of the requests. This Court then found that defendants' proposal to supplement their discovery with "earning records for plaintiff's comparable subject" to be sufficient and proportionate (id. at 15).  Plaintiff apparently took this to be acceptance by the Court (and presumably defendants) to the full scope of her initial demands; plaintiff is **correct**.  The August 16, 2016, Order recognized that defendants had to produce <u>additional</u> documents responsive to plaintiff's Equal Pay Act claims, documents defendants <u>agreed to produce</u> in addition to the 500 pages already produced (Docket No. 27, Order at 15) that would be responsive to Requests 12 and 13.  Defendants claim (in an unsworn statement) to have provided all earning records (Docket No. 30, Defs. Memo. at 2) but only produced one year's worth of W-2 statements.  Here is where failure to follow Local Rule 7(a)(3) hampers the assessment of defendants' compliance.  The proportionality argument is put aside since defendants and this Court agreed to additional production to address the Equal Pay claims.  Absent evidence (sworn statement or other admissible proof) of what defendants produced in response to these claims, or a statement that such documents do not exist (cf. Docket No. 30, Def. Memo. at 3), **defendants are to produce documents responsive to Requests Nos. 12 and 13**.

Plaintiff's motion to compel responses to Requests 8, 12, and 13 (Docket No. 28) is **granted**.

B.      Revisiting Decision on Employees' Personnel Records

1.      Rule 60(b) Grounds

On her first motion to compel (Docket No. 23, Pl. Atty. Decl. ¶¶ 12, 15, Ex. I, at 1-2,

Ex. B, Request No. 1; see Docket No. 27, Order of Aug. 16, 2016, at 3), plaintiff sought

personnel records from defendants and employees similarly situated to her.  This Court denied

her motion to compel the full extent of coworkers' personnel records, including W-2s, sought by

plaintiff on proportionality grounds, finding that defendants' production (of 500 pages) was

sufficient and proportionate (see Docket No. 27, Order at 12-15).  In reply, plaintiff argues that

this Court erred in ruling that defendants are not obligated to produce personnel records of

similarly situated coworkers (Docket No. 31, Pl. Atty. Reply Decl. ¶ 11; Docket No. 31, Pl.

Reply Memo. at 9), e.g., Barella v. Village of Freeport, 296 F.R.D. 102, 106 (E.D.N.Y. 2013)

(rejecting privacy argument for production of records from 24 allegedly similarly situated

individuals); Ladson v. Ulltra East Parking Corp., 164 F.R.D. 376 (S.D.N.Y. 1996) (personnel

records to be produced since records were relevant to plaintiff's claim in Title VII action).

Given the lack of production following the Order, plaintiff now argues that the denial of

coworkers' personnel files should be revisited (Docket No. 28, Pl. Atty. Decl. ¶ 29).  She also

contends that misrepresentations discussed above (discrepancies between disclosures to EEOC

and the Pre-Check Writing Reports, difference in stated health insurance benefits, failure to

produce handwritten timesheets, id. ¶¶ 18-26) led plaintiff to renew her request for additional

discovery (id. ¶ 27).

Defendants respond that plaintiffs have not shown what had been overlooked in the first

motion to justify revisiting it (Docket No. 30, Defs. Memo. at 4).  Plaintiff's frustrations in the

types and amount of documents produced are essentially the product of "the kind of records of

tiny operation typically creates and maintains" (id. at 5 n.5) and plaintiff's motion seeks to

burden a "'mom and pop' shop sued in this action with expense it cannot handle" (id. at 5).

Under Rule 60(b) (invoked by plaintiff for this reconsideration, see Docket No. 28, Pl.

Atty. Decl. ¶ 28), grounds for relief from an Order include mistake, inadvertence, surprise or

excusable neglect, Fed. R. Civ. P. 60(b)(1), fraud, misrepresentation or misconduct by the

opponent, Fed. R. Civ. P. 60(b)(3), or any other reason, Fed. R. Civ. P. 60(b)(6) (id.).  This Court

has the discretion to reconsider and it is "generally granted only upon the showing of exceptional

circumstances," Holmes v. Fischer, No. 09CV829, 2013 U.S. Dist. LEXIS 87124, at *31

(W.D.N.Y. June 20, 2013) (Foschio, Mag. J.) (citations omitted) (Docket No. 30, Defs. Memo. at

4); DeWeerth v. Baldinger, 38 F.3d 1266, 1272 (2d Cir. 1994) (to obtain relief under

Rule 60(b)(6), party must demonstrate extraordinary circumstances or extreme and undue

hardship).  As repeated by Magistrate Judge Foschio,

> " ' "The standard for granting such a motion is strict and reconsideration will
> generally be denied unless the moving party can point to controlling decisions or
> data that the court overlooked - matters, in other words, that might reasonably be
> expected to alter the conclusion reached by the court." ' Id. (quoting Shrader v.
> CSX Transportation, Inc., 70 F.3d 255 (2d Cir. 1995)),"

Holmes, supra, 2013 U.S. Dist. LEXIS 87124, at *31.  Under Rule 60(b)(3), the movant must

produce "clear and convincing evidence" of fraud or misconduct, Fleming v. New York Univ.,

865 F.2d 478, 484 (2d Cir. 1989), and must show that the conduct "prevented the movant from

fully and fairly presenting his case," Catskill Dev., LLC v. Park Place Entm't Corp., 286 F.

Supp. 2d 309, 312 (S.D.N.Y. 2003); Ledgerwood v. Ocwen Loan Servicing LLC, No. 15 Civ.

1944, 2016 U.S. Dist. LEXIS 2363, at *14 (E.D.N.Y. Jan. 7, 2016).

Courts in another circuit have held that a discovery Order is not the Judgment or Order contemplated by Rule 60(b), Khan v. Dell Inc., Civil Action No. 09-3703 (MAS) (TJB), 2013 U.S. Dist. LEXIS 62030, at *6-7 (D.N.J. Apr. 26, 2013); see also Torres v. Chater, 125 F.3d 166, 168 (3d Cir. 1997) (example of a non-final Order is a discovery Order, for appellate jurisdiction); Penn W. Assocs. v. Cohen, 371 F.3d 118, 125 (3d Cir. 2004) (Rule 60(b) applies to final judgments and orders, defined as those which end the litigation on the merits). The interlocutory nature of a discovery Order has been accepted by the United States District Court for the Northern District of New York to preclude reconsideration under Rule 60, Franzon v. Massena Mem. Hosp., 189 F.R.D. 220, 223 (N.D.N.Y. 1999) (citing Torres, supra, 125 F.3d at 168; Student Loan Mktg. Ass'n v. Lipman, 45 F.3d 173, 175 (7th Cir. 1995)). Thus, plaintiff's motion to reconsider a non-final discovery Order may not be reconsidered under Rule 60(b).

Nevertheless, taking each basis cited under Rule 60(b) in turn, plaintiff has not shown any mistake, inadvertence, surprise or excusable neglect for revisiting the decision limiting the discovery sought here under Rule 60(b)(1). Her arguments go to actions following entry of this Order, showing that defendants' responses were somehow evasive and thus plaintiff deserves more production.

On her argument that this Court erred in not allowing plaintiff to seek personnel records from similarly situated coworkers (Docket No. 31, Pl. Reply Memo. at 9), this addresses the relevance of these documents, see Ladson, supra, 164 F.R.D. at 377-78, but not the proportionality of obtaining them relative to the claims and defenses in this case. Proportionality calls on all parties to consider this factor in discovery (for example at the Rule 26(f) conference), Fed. R. Civ. P. 26 advisory committee's note, 2015 amendments. A problem arises if a party

then chooses (in an effort to only produce what is believed to be a proportionate amount of

material for the issues in the case) decides to produce the wrong subset of relevant documents

but in a proportionate number.

 As for Rule 60(b)(3), plaintiff has not established any fraud or misrepresentation (at least

insofar as defendants' position in the initial motion).  The fraud under this rule is directed at

fraud upon the Court, see Green v. Schmelzle, No. 11CV6063, 2016 U.S. Dist. LEXIS 134061,

at *4-5 (W.D.N.Y. Sept. 28, 2016) (Wolford, J.); see also Lutin Invs., Ltd. v. Nigerian Nat'l

Petro. Corp., No. 12-cv-5191, 2016 U.S. Dist. LEXIS 25830, at *11 & n.51 (S.D.N.Y. Mar. 2,

2016) (giving examples of fraud upon the court, such as bribery of judge, jury tampering, or

hiring an attorney with the sole purpose of improperly influencing a judge; citation omitted).

While plaintiff arguably has shown that the absence of this material prevents her from fully and

fairly presenting her case, no fraud upon this Court has been shown.  In her reply, plaintiff claims

that defendants do not dispute her factual contention that defendants made misrepresentations to

this Court and to plaintiff in its production, pointing to defendants' material misrepresentations

to the EEOC and to plaintiff as to wages paid to direct comparators (Docket No. 31, Pl. Atty.

Reply Decl. ¶ 10).  While those misrepresentations may be material regarding the ultimate

disposition of the case, they are not material for deciding plaintiff's motion to compel, that is

what defendants are to produce and not whether what is produced is consistent with prior

disclosures to the EEOC.  Any such discrepancies can be the subject at trial regarding

defendants' credibility.

 The closest plaintiff comes to reconsideration is alleging misconduct by defendants

(under Rule 60(b)(3)) or (under Rule 60(b)(6)) the catch-all "any other reason that justifies

relief". The purported misconduct here is defendants not producing all the payroll and personnel records plaintiff initially sought and producing documents that show inconsistencies with what was reported to the EEOC. But this Court's August 16th decision held that defense production in these areas was sufficient given the proportionality of what plaintiff requested with the issues in this case assuming further production for plaintiff's Equal Pay Act claim (Docket No. 27, Order at 15). Again, the decision was not tied to the truthfulness or consistency of what was produced; this was due in part because the question was whether to produce not its content and neither party produced in the initial motion (or this motion) copies of the documents that plaintiff now disputes.

Plaintiff's motion to reconsider the scope of this Court's earlier Order regarding compelling discovery is **denied** on Rule 60(b) grounds.

        2.       Rule 37

Since this dispute arises in discovery, Rule 37 informs what relief is available. Failure to comply with a Court Order (arguably what plaintiff is claiming in the first part of this discussion) can result in such relief as directed findings of fact, evidence preclusion for withheld material, striking of pleadings, and entry of judgment in the movant's favor, Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii); there is no provision for the Court to re-examine the violated Order to expand its scope or to reconsider aspects of the original motion to compel added production that was rejected. These sanctions under this Rule have dispositive consequences (from limiting or precluding evidence to dismissal of claims and actions) rather than reopening or reexamining the scope of discovery. In addition to these sanctions, this Court has the discretion to issue Orders

that are just, id. R. 37(b)(2)(A); see Wayne D. Brazil, 7-37 Moore's Federal Practice—Civil § 37.51[10] (2016).

Essentially, plaintiff seeks either to reopen her earlier motion to compel or to file a new motion (in light of the discovery produced to date following the Order on her first motion). But, as addressed in the first motion and discussed above, plaintiff does not address the proportionality of all that she seeks (or renews in seeking) in discovery from defendants relative to the claims and defenses in this action. Save where this Order compels further (or renews the call for further) production, plaintiff's motion to reexamine this Court's Order on her initial motion to compel (Docket No. 28) is **denied**. Given the responses ordered for plaintiff's Requests discussed above, reopening her initial motion is also **moot**.

III.    Third Amended Scheduling Order

After holding deadlines in abeyance pending resolution of the discovery motion and in response to plaintiff's alternative motion to extend the Scheduling Order deadlines (Docket No. 28, Pl. Atty. Decl. ¶ 2 (seeking additional 90 days); see also id. ¶¶ 30-35, 36-37, Exs. C, E; Docket No. 31, Pl. Reply Memo. at 9-10; Docket No. 31, Pl. Atty. Reply Decl. ¶¶ 13-15), the deadlines now need to be revisited and restarted. Defendants objected to an extension tied to a motion to compel (Docket No. 28, Pl. Atty. Decl. ¶ 36) after agreeing to an extension (id. ¶ 35, Ex. C). Defendants now contend that they will "accept whatever indulgence the Court will grant," but blaming plaintiff for being slow in providing authorizations and now complaining that her health precludes a more timely deposition (Docket No. 30, Defs. Memo. at 1).

An extension is warranted. Defendants' sole objection was tying this schedule to the motion to compel. The practical effect of consideration of that motion caused a delay. Plaintiff

stated that she is injured and is unable to participate in discovery right now (id. ¶¶ 32, 33). Thus, the Scheduling Order needs to be amended to allow parties to complete discovery, including the responses ordered in herein and addressing issues surrounding plaintiff's claim of constructive discharge due to her new injuries (id. ¶¶ 32, 34). The Second Amended Scheduling Order (Docket No. 27) deadlines are now amended as follows (to run from the entry of this Order):

### THIRD AMENDED SCHEDULING ORDER

- Plaintiff's expert disclosure is now due by **March 1, 2017**, or 90 days from entry of this Order;

- Defendants' expert disclosure is due by **April 3, 2017**;

- Motions to compel discovery now due by **March 17, 2017**;

- All discovery now is to be completed by **April 18, 2017**;

- Dispositive motions are due by **July 17, 2017**;

- Referral to mediation ends by **July 31, 2017**;

- If no motions are filed, a status report is due to the undersigned by **July 31, 2017**. A Status Conference will be held on **Wednesday, August 9, 2017, at 10:30 am**, before the undersigned to discuss the readiness of the case for trial before Judge Skretny.

### CONCLUSION

For the reasons stated above, plaintiff's motion (Docket No. 28) to expedite hearing is **denied in part**, given the briefing period for this motion (Docket No. 29) was the typical schedule for motions and the holding in abeyance of discovery deadlines; her motion to compel further production from defendants (Docket No. 28) is **granted**; and her motion to revisit denial of her earlier motion to compel production of coworkers' personnel records is **denied as moot**.

18

Her motion (id.) to extend the Second Amended Scheduling Order (Docket No. 27) is granted;

the new deadlines are stated above.

     So Ordered.

                                     /s/ Hugh B. Scott
                                  Hon. Hugh B. Scott
                          United States Magistrate Judge

Dated: Buffalo, New York
      November 29, 2016