UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DARCY M. BLACK,

                Plaintiff,

                                            **Hon. Hugh B. Scott**

                                            15CV49S

                v.

                                            **Order**

BUFFALO MEAT SERVICE, INC., et al.,

                Defendants.

Before the Court are two motions. The first motion is plaintiff's continued effort (see Docket Nos. 23, 28; see also Docket Nos. 27, 32 (Orders on plaintiff's previous motions)) to compel production of payroll and tax records from defendants, this time seeking enforcement of this Court's prior Orders (Docket Nos. 27, 32) for production and for discovery sanctions (Docket No. 34). She also seeks to extend the Scheduling Order deadlines given the delays in defense production (id.). In support of this motion, plaintiff submits her attorney's Declaration with exhibits (id.).

The second motion is defendants' cross-motion to compel (Docket No. 36), also submitted in response to plaintiff's motion. In support of their cross-motion, defendants submitted their attorney's Affidavit with exhibits and Memorandum of Law (id.). Here, defendants seek authorizations from plaintiff, scheduling of her deposition, and production of her tax records (id.).

Responses to plaintiff's motion were due by March 7, 2017, with replies due by March 14, 2017, and argument on March 16, 2017 (Docket No. 35). This briefing schedule also held in abeyance discovery deadlines in the current Scheduling Order (see Docket No. 33) until plaintiff's motion was resolved (Docket No. 35). With the filing of the cross-motion, responses to that motion were due March 14, 2017, and argument of that motion was joined with that for plaintiff's motion on March 16, 2017 (Docket No. 37). Plaintiff filed her reply papers, including her attorney's reply Declaration with exhibits (examples of the W-2 reports produced by defendants, and plaintiff's letter of March 14, 2017, enclosing certain sought authorizations and discovery) and Reply Memorandum of Law (Docket No. 38). Following that argument (Docket No. 39, minutes of March 16, 2017, argument), the motions were deemed submitted.

Familiarity with the prior discovery Orders in this action (Docket Nos. 27, 32) is presumed.

## BACKGROUND

This employment discrimination action was commenced by plaintiff alleging violations of federal (Title VII, the Civil Rights Act of 1964, the Equal Pay Act, and 42 U.S.C. § 1981) and New York State law (New York State Human Rights Law). Plaintiff claims that defendants created a hostile work environment on the basis of race and sex and had constructively discharged her. (Docket No. 2, Compl.) As previously stated (Docket No. 32, Order of Nov. 29, 2016, at 2-3; Docket No. 27, Order of Aug. 16, 2016, at 2), plaintiff claims that male coworkers were paid more than she was and were allowed more breaks than she was; that her coworkers made sexual and racial comments; that the shop rejected African American applicants (although

plaintiff is a Caucasian female); and a coworker allegedly made comments regarding her biracial children (see Docket No. 2, Compl.; Docket No. 25, Defs. Memo. at 1).

Defendants answered (Docket No. 8), asserting 28 affirmative defenses, about half of them declaring that each of plaintiff's ten causes of action failed to state a claim (id. Ans., ¶¶ 54-82; see also id. at pages 17-18 (Reservation of Rights as to named affirmative rights and reserve right to other, unnamed defenses)). This case was referred to the undersigned (Docket No. 9) and a Scheduling Order was entered (Docket No. 13; see Docket Nos. 10 (Scheduling Conference Notice), 11 (plaintiff's proposed discovery plan), 12 (minutes from Scheduling Conference)) and later was amended (Docket Nos. 22, 27, 32, 33).

*Previous Motions to Compel (Nos.23, 28)*

Plaintiff initially moved for defendants to produce (among other sought items) W-2 statements, Form 1099 and other tax documents, and payroll records for comparable employees (Docket No. 23, Pl. Decl., Exs. A, I). Defendants opposed, stating that plaintiff's document demands were disproportionate to her claims and the issues in this case (Docket No. 25, Defs. Memo. at 4-8; see Docket No. 27, Order at 8) but defendants had produced over 500 pages of documents they deemed responsive (Docket No. 25, Defs. Memo. at 8; see Docket No. 27, Order at 8). After discussing proportionality in discovery (Docket No. 27, Order at 12-15), this Court held that defendant's production was sufficient "(save additional production for her Equal Pay Act claims)," denying plaintiff's motion to compel more (id. at 15).

Plaintiff later filed a second motion to compel (Docket No. 28) defendants to produce where this Court deemed that the issue was "whether defendants complied with this Court's Order [Docket No. 27] and what was (or was not) produced to plaintiff" (Docket No. 32, Order

3

of Nov. 29, 2016, at 5). Plaintiff sought complete responses to document demands in Paragraphs 8, 12, and 13 of her requests to produce, including production of W-2 statements, Form 1099 and other tax documents from January 1, 2004, to the conclusion of this action for every employee of defendants (paragraph 12) and all payroll records for that same period (paragraph 13) (see Docket No. 32, Order at 7). Defendants rested on the 500 pages of documents already produced as compliance with these document demands (see id. at 8; Docket No. 30, Defs. Memo. at 2-4). Plaintiff replied that she needed these records for her Equal Pay Act claim (Docket No. 31, Pl. Atty. Reply Decl. ¶ 4; see Docket No. 32, Order at 8). This Court granted plaintiff's motion to compel production of the tax and payroll records sought in Requests 12 and 13 (Docket No. 32, Order at 10-11), concluding that "absent evidence (sworn statement or other admissible proof) of what defendants produced in response to these claims, or a statement that such documents do not exist (cf. Docket No. 30, Def. Memo. at 3), **defendants are to produce documents responsive to Requests Nos. 12 and 13**" (Docket No. 32, Order at 11 (emphasis in original)).

*Plaintiff's Pending Third Motion to Compel (No. 34)*

With discovery deadlines approaching, plaintiff moved for expedited hearing and extension of the current Scheduling Order (Docket No. 34). She also sought compliance with this Court's August 16, 2016, and November 29, 2016, Orders and production of all documents responsive to her Request Nos. 12 and 13 (id.), seeking these tax and payroll records from January 2016 to present (Docket No. 34, Pl. Atty. Decl. ¶ 26).

Defendants renewed their response that they produced, among 500 pages of documents already produced, materials responsive to plaintiff's outstanding demands (Docket No. 36, Defs.

Memo. at 7-9). They question the temporal scope of plaintiff's demands given the statute of limitations for Equal Pay Act claims (id. at 7).

Plaintiff replies that her request is not temporally limited to 2005-2010 and that defendants' production is incomplete on this basis (Docket No. 38, Pl. Reply Memo. at 1-5). She contends that the prior Orders required defendants to produce documents responsive to Requests 12 and 13 (id. at 2-3, quoting Docket No. 32, Order at 11); instead, defense counsel provided a statement attesting to the extent of defendants' production without defendants attesting to whether the documents exist (Docket No. 38, Pl. Reply Memo. at 3). Plaintiff argues that she timely commenced her Equal Pay Act claims by filing with the New York State Division of Human Rights and the EEOC on or about June 18, 2010, weeks after her termination and within the 300-day period to file (id. at 5), and as an equal pay claim under Title VII the claim is also timely (id.) Finally, she reiterates that defendants do not oppose extending the schedule for completing discovery in this case (id. at 5-6).

*Defendants' Cross-Motion (No. 36)*

In addition to responding to plaintiff's latest motion, defendants cross-moved plaintiff to produce her W-2, tax returns, execute medical and Social Security authorizations (Docket No. 36). They also wanted plaintiff to schedule her deposition following defense receipt of earnings, tax, and medical records (id.).

Plaintiff responds that she submitted medical and Social Security Administration earning statement authorizations, her W-2 statements, and expressed her willingness to be deposed at a mutually agreeable time and date (Docket No. 38, Pl. Reply Memo. at 6; id., Pl. Atty. Reply Decl. ¶¶ 19, 21, Ex. B; see Docket No. 39, minutes). She asserts a qualified privilege, however,

against producing her tax returns (Docket No. 38, Pl. Atty. Reply Decl. ¶ 20; id., Pl. Reply Memo. at 6-7). She offers the W-2 statements as a sufficient statement of her damages rather than her joint tax returns (id., Pl. Memo. at 6-7).

## DISCUSSION

I.     Plaintiff's Motion to Compel

Defendants maintained during oral argument that plaintiff could better determine the scope of documents defendants had to produce by deposing representatives of the corporate defendants and ask about their record keeping and what other documents remain aside from what was already produced. But the Federal Rules do not require parties to use the optimal discovery technique; the choice of discovery methods at the first instance rests with the requesting party, see Fed. R. Civ. P. 26(d)(3)(A), unless the method proffered is unduly burdensome (including the proportionality of seeking that discovery), creates an annoyance, embarrassment, oppression or undue expense, id., R. 26(c)(1), (b)(1). Defendants have not sought a protective Order or raised as an objection to production, cf. id. R. 26(c)(1)(C) (Order prescribing method other than the one selected). Instead, they argue that they compiled with plaintiff's demands.

While defense counsel as an officer of this Court has stated that all relevant materials have been produced, they are merely reporting what has been disclosed to them by their clients. In the prior motion, defendants responded with the unsworn statement of counsel (Docket No. 30, Defs. Memo. at 2; see Docket No. 28, Pl. Atty. Decl. ¶ 18, Ex. C) that all earning statements were produced (see Docket No. 32, Order at 11). Defendants argue that the 500 pages of documents produced to date were deemed sufficient by this Court (Docket No. 36, Defs. Atty. Aff. ¶ 37, citing Docket No. 27, Order at 14). But as reflected later in that Order

<mark>
<mark>
<mark>
<mark>
<mark>
<mark>
<mark>

(Docket No. 27, Order at 15) and in the second Order (Docket No. 32, Order at 11, 10-11), defendants indicated their intention **to supplement** those papers, particularly regarding plaintiff's Equal Pay Act claims.  Under Rule 26(e)(1), a party responding to a request for production has an obligation to supplement or correct its response either "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing" or "as ordered by the court," Fed. R. Civ. P. 26(e)(1).  To date, no supplementation has occurred and it is not clear what further is required for defendants to supplement.

Only now do defendants raise a statute of limitations argument to restrict the amount produced.  Defendants have not yet moved for summary judgment on the Equal Pay Act claims (but cf. Docket No. 36, Defs. Memo. at 7) or have a judgment dismissing those claims as time barred.  Thus, these materials are relevant to plaintiff's extant claims.  Plaintiff's motion to compel responses to her Request Nos. 12 (tax records described above) and 13 (payroll records of defendants' employees during the requested period) is **granted**.

II.     Defendants' Cross-Motion

During oral argument, plaintiff conceded her need to produce medical and Social Security authorizations and to cooperate in scheduling her deposition examination.  She has provided authorizations (Docket No. 38, Pl. Atty. Reply Decl. ¶¶ 19, 21, Ex. B).  Since the parties have indicated that they can schedule plaintiff's examination, this Court will not set a deadline for conduct of that examination.

Thus, the remaining issue is production of plaintiff's tax returns. Plaintiff claims a qualified privilege from producing these records since she believes they are not relevant to her claims. But she is claiming lost wages following her wrongful termination; hence her post-termination wages to present are relevant (Docket No. 38, Pl. Reply Memo. at 6-7). During oral argument, plaintiff contends that she files income taxes jointly with her husband without distinguishing which spouse earned what.

Tax returns need not be produced "unless: (1) it clearly appears that they are relevant to the subject matter of the action or to the issues raised thereunder; and (2) there is a compelling need for their disclosure because the information contained in the tax returns <u>is not otherwise readily available</u>," <u>McIntosh v. Bank of America</u>, No. 06CV708, 2008 U.S. Dist. LEXIS 76280, at *6-7 (W.D.N.Y. Sept. 30, 2008) (Schroeder, Mag. J.) (citations omitted; emphasis added). As in <u>McIntosh</u>, plaintiff's earnings are relevant to her lost wages claims and her Equal Pay Act claims, but there are other sources for plaintiff's earning, such as the sought W-2 statements, <u>id.</u> at *7. In that case, Magistrate Judge Schroeder ordered plaintiff either to produce W-2 statements or execute authorizations permitting that defendant to obtain them from the Internal Revenue Service, <u>id.</u> There is no need for plaintiff to produce her joint tax returns, which she argued did not distinguish her spouse's income from her own. W-2 statements clearly would state her earnings for a particular year and employer(s). The entire tax return contains otherwise extraneous information that should not be produced.

As a result, defendants' cross-motion (Docket No. 36) to compel is **granted in part, deemed moot where plaintiff has produced** (regarding authorizations, W-2 statements and

other materials already produced or about to be produced, and the scheduling of plaintiff's deposition), and **denied in part** (denying compelled production of plaintiff's joint tax returns).

III. Fourth Amended Schedule Order

Having (hopefully finally) resolved plaintiff's production issues as well as resolving defense production issues, additional time **is granted** to complete discovery and move this case to its resolution. Plaintiff notes that defendants do not oppose this extension (Docket No. 38, Pl. Reply Memo. at 5-6). As a result, the Third Amended Scheduling Order (Docket No. 32, at 17-18; Docket No. 33) is amended as follows:

**FOURTH AMENDED SCHEDULING ORDER**

- Plaintiff's expert disclosure is now due by **June 29, 2017**, or 90 days from entry of this Order;

- Defense expert disclosure, as a result, is due by **July 28, 2017**, or approximately 30 days thereafter;

- Further motions to compel discovery are due by **July 14, 2017**;

- All discovery now is to be completed by **Monday, August 14, 2017**, or 136 days from entry of this Order;

- Dispositive motions are due by **Monday, November 13, 2017**, or 91 days from the discovery deadline set above;

- Again, if no dispositive motions are filed, a status report is due to the undersigned by **December 5, 2017**. A Status Conference then will be held on **Wednesday, December13, 2017, at 10:30 am**, before the undersigned to discuss the readiness of this case for trial before Judge Skretny;

- Referral of this action to mediation ends on **December 5, 2017**.

IV.      Reasonable Motion Expenses

Both sides moved to compel discovery and both sides partially prevailed on their respective motions. Plaintiff requested to recover her costs and disbursements and other relief as found by this Court to be just and proper (Docket No. 34, Pl. Notice of Motion; cf. Docket No. 36, Defs. Notice of Cross-Motion (seeking such other relief that is deemed just and proper)). Under Rule 37(a)(5), if a motion to compel is granted in part (including if discovery is provided after filing of that motion, see Fed. R. Civ. P. 37(a)(5)(A)) and is denied in part, "the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion," id., R. 37(a)(5)(C).

Pursuant to Rule 37(a)(5)(C), the parties are to be heard on whether to award motion expenses; these positions are due **seven (7) days from entry of this Order**, or by **April 7, 2017**. This Court cautions that Rule 37 practice can lead to "prolonged ancillary litigation and delay even further reaching the merits of this case," Lamar Advert. of Penn, LLC v. Town of Orchard Park, No. 01CV556, 2006 U.S. Dist. LEXIS 82901, at *27 (W.D.N.Y. Nov. 14, 2006) (Scott, Mag. J.) (declining to impose discovery sanctions).

CONCLUSION

For the reasons stated above, plaintiff's motion (Docket No. 34) to compel and for compliance with this Court's prior Orders is **granted**; defendant's cross-motion (Docket No. 36) to compel is **granted in part, denied in part, and deemed moot where plaintiff produced**. Plaintiff's motion (Docket No. 34) to extend the Scheduling Order (Docket Nos. 32, 33) is granted and the amended schedule is set forth above. The parties are to be heard on whether to

award their respective motion expenses; these positions are due **seven (7) days from entry of this Order**, or by **April 7, 2017**.

      So Ordered.

                                             */s/ Hugh B. Scott*
                                               Hon. Hugh B. Scott
                                       United States Magistrate Judge

Dated: Buffalo, New York
       March 31, 2017