UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DARCY M. BLACK,

                Plaintiff,

                                          **Hon. Hugh B. Scott**

                                          15CV49S

                v.

                                          **Order**

BUFFALO MEAT SERVICE, INC., et al.,

                Defendants.

Before this Court is defendants' motion (Docket No. 42) to reconsider the Order of March 31, 2017 (Docket No. 40), which (relevant to the reconsideration motion) granted plaintiff's motion (Docket No. 34; see Docket Nos. 23, 28; see also Docket Nos. 27, 32 (Orders on plaintiff's previous motions)) to compel production of further payroll and tax documentation from defendants, and granting only in part defendants' own motion (Docket No. 36) to compel plaintiff to produce her tax returns.

Responses to the motion for reconsideration were due by April 20, 2017 (Docket No. 43), which plaintiffs submitted (Docket No. 44). Replies were due by April 27, 2017 (Docket No. 43), which defendants provided (Docket No. 45). The motion thus was deemed submitted without oral argument (Docket No. 43). The portion of the parties' respective previous motions to compel seeking recovery of reasonable motion costs (see Docket No. 40, Order at 10) was held in abeyance pending the reconsideration motion (Docket No. 43).

Familiarity with the prior proceedings, especially the discovery motion practice and Orders in this action (Docket Nos. 23, 25-26, 27 (first Order), 28, 30-31, 32 (second Order), 33 (3rd Amended Scheduling Order[1]), 34, 36, 38, 39, 40 (third Order), 41 (transcript of Mar. 16, 2017, argument)) is presumed.

Separately, the parties jointly moved (Docket No. 46) to extend the Scheduling Order (Docket No. 40, Fourth Amended Scheduling Order), which was granted (Docket No. 47). In this Order, deadlines will be expressly extended for parties to complete expert discovery and disclosure.

## BACKGROUND

This employment discrimination action was commenced by plaintiff alleging violations of federal (Title VII, the Civil Rights Act of 1964, the Equal Pay Act, and 42 U.S.C. § 1981) and New York State law (New York State Human Rights Law). Plaintiff claims that defendants created a hostile work environment on the basis of race and sex and had constructively discharged her. (Docket No. 1, Compl.) As previously stated (Docket No. 32, Order of Nov. 29, 2016, at 2-3, Black v. Buffalo Meat Serv., 2016 U.S. Dist. LEXIS 164441, at *2-4; Docket No. 27, Order of Aug. 16, 2016, at 2), plaintiff claims that male coworkers were paid more than she was and were allowed more breaks than she was; that her coworkers made sexual and racial comments; that the shop rejected African American applicants (although plaintiff is a Caucasian female); and a coworker allegedly made comments regarding her biracial children (see Docket No. 1, Compl.; Docket No. 25, Defs. Memo. at 1). Plaintiff worked at Buffalo Meat Service

---

[1]Defendants point to a "typographical error," Docket No. 42, Defs. Memo. at 3 n.1, regarding these two Orders. Docket No. 32 is the Order deciding the motion to compel and included the Third Amended Scheduling Order, id. at 17-18. That Order was duplicated as the Third Amended Scheduling Order, Docket No. 33, due to CM/ECF filing requirements.

2

from 2004 to May 2010 (Docket No. 1, Compl. ¶¶ 11, 13, 47-48) as a wrapper-packer-cleaner (id. ¶ 12).

Defendants answered (Docket No. 8). This case was referred to the undersigned (Docket No. 9) and a Scheduling Order was entered (Docket No. 13; see Docket Nos. 10 (Scheduling Conference Notice), 11 (plaintiff's proposed discovery plan), 12 (minutes from Scheduling Conference)) and later was amended (Docket Nos. 22, 27, 32-33).

*Previous Motions to Compel (Nos. 23, 28)*

Plaintiff initially moved for defendants to produce (among other sought items) W-2 statements, Form 1099 and other tax documents, and payroll records for comparable employees (Docket No. 23, Pl. Decl., Exs. A, I). Defendants opposed, stating that plaintiff's document demands were disproportionate to her claims and the issues in this case (Docket No. 25, Defs. Memo. at 4-8; see Docket No. 27, Order at 8) but defendants initially had produced over 500 pages of documents they deemed responsive (Docket No. 25, Defs. Memo. at 8; see Docket No. 27, Order at 8). After discussing proportionality in discovery (Docket No. 27, Order at 12-15), this Court held that defendant's production was sufficient "(save additional production for her Equal Pay Act claims)," denying plaintiff's motion to compel more (id. at 15).

Plaintiff later filed a second motion to compel (Docket No. 28) defendants to produce where this Court deemed that the issue was "whether defendants complied with this Court's Order [Docket No. 27] and what was (or was not) produced to plaintiff" (Docket No. 32, Order of Nov. 29, 2016, at 5; Black, supra, 2016 U.S. Dist. LEXIS 164441, at *6). Plaintiff sought complete responses to document demands in Paragraphs 8, 12, and 13 of her requests to produce, including production of W-2 statements, Form 1099 and other tax documents from January 1,

3

2004, to the conclusion of this action for every employee of defendants (paragraph 12) and all payroll records for that same period (paragraph 13) (see Docket No. 32, Order at 7; Black, supra, 2016 U.S. Dist. LEXIS 164441, at *9-11). Defendants rested on the 500 pages of documents already produced as compliance with these document demands (see id. at 8; Black, supra, 2016 U.S. Dist. LEXIS 164441, at *11; Docket No. 30, Defs. Memo. at 2-4). Plaintiff replied that she needed these records for her Equal Pay Act claim (Docket No. 31, Pl. Atty. Reply Decl. ¶ 4; see Docket No. 32, Order at 8). This Court granted plaintiff's motion to compel production of the tax and payroll records sought in Requests 12 and 13 (Docket No. 32, Order at 10-11; Black, supra, 2016 U.S. Dist. LEXIS 164441, at *12), concluding that "absent evidence (sworn statement or other admissible proof) of what defendants produced in response to these claims, or a statement that such documents do not exist (cf. Docket No. 30, Def. Memo. at 3), **defendants are to produce documents responsive to Requests Nos. 12 and 13**" (Docket No. 32, Order at 11; Black, supra, 2016 U.S. Dist. LEXIS 164441, at *16-17 (emphasis in original)). In this present reconsideration motion (as discussed in some detail below), defendants contend that they supplemented with thousands of pages of payroll and tax documents during plaintiff's tenure at Buffalo Meat Service to 2010 (Docket No. 42, Defs. Memo. at 2-5).

*Plaintiff's Third Motion to Compel (No. 34)*

With discovery deadlines approaching, plaintiff moved for expedited hearing and extension of the current Scheduling Order (Docket No. 34). She also sought compliance with this Court's August 16, 2016, and November 29, 2016, Orders and production of all documents responsive to her Request Nos. 12 and 13 (id.), seeking these tax and payroll records from January 2016 to present (Docket No. 34, Pl. Atty. Decl. ¶ 26).

Defendants renewed their response that they produced, among 500 pages of documents already produced, materials responsive to plaintiff's outstanding demands (Docket No. 36, Defs. Memo. at 7-9). Defense counsel's present affidavit states that defendants supplemented tax and payroll documents from the period of plaintiff's tenure, with over 2,700 pages of materials (Docket No. 37, Defs. Atty. Aff. ¶¶ 36, 38, 39). They questioned the temporal scope of plaintiff's demands given the statute of limitations for Equal Pay Act claims (Docket No. 36, Defs. Memo. at 7).

Plaintiff replied that her request is not temporally limited to 2005-2010 and that defendants' production is incomplete on this basis (Docket No. 38, Pl. Reply Memo. at 1-5). She contended that the prior Orders required defendants to produce documents responsive to Requests 12 and 13 (id. at 2-3, quoting Docket No. 32, Order at 11); instead, defense counsel provided a statement attesting to the extent of defendants' production without defendants attesting to whether the documents exist (Docket No. 38, Pl. Reply Memo. at 3).

*Defendants' Cross-Motion (No. 36)*

In addition to responding to plaintiff's latest motion, defendants cross-moved plaintiff to produce her W-2, tax returns, execute medical and Social Security authorizations (Docket No. 36). They also wanted plaintiff to schedule her deposition following defense receipt of earnings, tax, and medical records (id.).

Pertinent to the present reconsideration motion, plaintiff asserted a qualified privilege against producing her tax returns (Docket No. 38, Pl. Atty. Reply Decl. ¶ 20; id., Pl. Reply Memo. at 6-7). Instead, she offered her W-2 statements as a sufficient statement of her damages rather than her joint tax returns (id., Pl. Memo. at 6-7).

5

This Court granted plaintiff's motion to compel and ordered compliance with prior Orders while granting in part and denying in part defendants' motion to compel (Docket No. 40, Order of Mar. 31, 2017). Pertinent to the reconsideration motion, this Court held that defendants were to produce tax and payroll records based upon representations that only 500 pages of those records were produced (id. at 6-7). This Court then found that plaintiff need not produce her joint tax returns but only produce W-2 forms instead (id. at 8-9). This Court then extended the Scheduling Order deadlines (id. at 9-10); this is not the subject of defendants' reconsideration motion. The Order also set forth briefing for discovery sanctions (id. at 10); this briefing was held in abeyance pending resolution of the present reconsideration motion (Docket No. 43).

*Defendants' Present Motion for Reconsideration (No. 42)*

Defendants now seek reconsideration of the March 31, 2017, Order (Docket No. 40), and instead want an Order denying plaintiffs' motion to compel further production of payroll and tax documents (Docket No. 42, Defs. Notice of Motion at 1). They contend that defendants did supplement the 500 pages of production with 2,700 pages of its employees' payroll and tax documents to 2010 (id., Defs. Memo. at 2-3, 4-5). They state that they noted this supplementation in prior proceedings (Docket No. 27, Order at 15; Docket No. 25, Defs. Memo. at 2; Docket No. 36, Defs. Atty. Aff. ¶¶ 36, 38, 39; Docket No. 30, Defs. Memo. at 1, 2) but this Court disregarded it (see Docket No. 42, Defs. Memo. at 6). They produced in supplementation weekly payroll records of all employees (and not merely comparable employees) during plaintiff's employment and their W-2 statements and W-2 summary reports (Docket No. 42, Defs. Memo. at 4-5). Defendants also want reconsidered the denial (in part) of their motion to compel plaintiff's redacted tax returns, defendants still seek disclosure of plaintiff's source of

6

income during the course of this litigation (id. at 9). They note that this Court during oral argument (see also Docket No. 41, Tr. of Mar. 16, 2017, oral argument at 12) concluded that plaintiff's future income (and hence her tax returns) would be appropriate for disclosure (Docket No. 42, Defs. Memo. at 9-10; id., Defs. Atty. Aff., Ex. 1, Tr. at 12; Docket No. 41, Mar. 16, 2017, Tr. at 12). Defendants seek redacted tax returns to learn the sources of plaintiff's post-termination income (Docket No. 42, Defs. Notice of Motion at 1).

Plaintiff counters that there is no motion for reconsideration and, under Rules 59(e) or 60(b), a non-final Order cannot be reconsidered, citing this Court's earlier Order denying reconsideration of plaintiff's motion (Docket No. 44, Pl. Atty. Decl. ¶¶ 12-[2d] 12; see Docket No. 32, Order at 14; Black, supra, 2016 U.S. Dist. LEXIS 164441, at *19-20; Docket No. 33, 3d Am. Scheduling Order at 14). She argues that defendants still had not produced payroll or tax records after 2010 (Docket No 44, Pl. Atty. Decl. ¶¶ 20, 22-23); defendants supplemented with records only during the period of plaintiff's employment, to 2010. She asserts that defendants here are merely repeating arguments that failed in three prior motions to compel (id. ¶ 27; Docket No. 44, Pl. Memo. at 10).

Refuting defense arguments that an equal pay claim is only relevant during the period of employment (cf. Docket No. 42, Defs. Memo. at 7, 8, citing Chepak v. New York City Health & Hosp. Corp., No. 11-cv-9698 (KBF), 2015 WL 509279 (S.D.N.Y. Feb. 5, 2015), aff'd, 643 Fed. App'x 62 (2d Cir. 2016) (summary Order); Camp v. Walton Regional Med. Ctr., No. 3:06-CV-19 (CDL), 2007 WL 2027734 (M.D. Ga. July 12, 2007)), plaintiff distinguished these two summary judgment cases cited by defendants as not involving the duration of the Equal Pay Act claim (Docket No. 44, Pl. Memo. at 8-9). Plaintiff contends that, but for being subject to

7

discrimination and retaliation, she would not have been constructively discharged and would enjoy pay from defendants to this date (Docket No. 44, Pl. Memo. at 9).

Plaintiff, however, did not respond to defense motion to reconsider compelling her to produce her joint tax returns.

In reply, defendants argue that the Order was premised on an error, that they only produced 500 pages when in fact they supplemented with far more (Docket No. 45, Defs. Reply at 1, 6-7). They dispute that plaintiff was constructively discharged and that she is somehow entitled to comparable pay data from employees who worked at defendants' shop after she was no longer there, also arguing that these workers (an independent contractor and a "skilled butcher") were not comparable to plaintiff when she was employed (id. at 2). Nevertheless, defendants claim that they have produced payroll records for all employees (comparable or not) from 2006-10 and copies of extant W-2 forms from 2005-10 (id. at 6).

DISCUSSION

I. Reconsideration Standard

Generally, there is no motion for reconsideration under the Federal Rules. This Court's Local Civil Rules treat a motion for reconsideration outside of Federal Rule 60 like a motion "falling within the scope of Fed. R. Civ. P. 59(e)," W.D.N.Y. Loc. Civ. R. 7(d)(3), with the Local Rule and Rule 59(e) each setting forth the timing for such a motion, see also S. & E.D.N.Y. Loc. Civ. R. 6.3 (setting timing for motions for reconsideration); N.D.N.Y. Loc. R. 7.1(g) (same). This Court's Local Rule 7(d)(3) does not set the standard for consideration of a motion to reconsider.

8

But Rule 60 provides relief from an Order under certain conditions, Fed. R. Civ. P. 60(a), (b). Among the grounds for relief under Rule 60(a) is correcting "a mistake arising from oversight or omission whenever one is found in [an] . . . order, or other part of the record," which this Court may do on its own or on motion, Fed. R. Civ. P. 60(b). Rule 60(a) is not limited to a "final" Order or judgment, as is Rule 60(b). Rule 60(b) states that "on motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for stated grounds, Fed. R. Civ. P. 60(b) (emphasis added). Rule 60(a), however, does not address changes that would "affect substantive rights of the parties," Moore's Federal Practice—Civil § 60.11[3] (2017). As the commentator notes, "Rule 60(a) is designed to strike a balance between rendering justice to the parties and ensuring that litigation ends within a finite period of time," id., (citing Paddington Partners v. Bouchard, 34 F.3d 1132, 1144 (2d Cir. 1994)). Thus, this Court may reexamine a mistake or oversight in any Order either sua sponte or upon motion under Rule 60(a).

On a motion for relief, this Court may relieve a party from an Order for a mistake, or "any other reason that justifies relief," id., R. 60(b)(1), (6). As noted by defendants (Docket No. 42 Defs. Memo. at 1), the grounds for reconsideration include "the need to correct a clear error or prevent manifest injustice," Reyes v. Phoenix Bevs., Inc., No. 13-CV-5588(PKC) (VMS), 2016 U.S. Dist. LEXIS 142292, at *2 (E.D.N.Y. Oct. 13, 2016) (quotations omitted, reconsideration under S. & E.D.N.Y. Loc. Civ. R. 6.3). The motion may be granted where "the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court," id. (quoting Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)) (id.).

Under Rule 60(b) (invoked by defendants in this motion, see Docket No. 42, Defs. Memo. at 1, as well as plaintiff for reconsideration in an earlier motion, see Docket No. 28, Pl. Atty. Decl. ¶ 28; Black, supra, 2016 U.S. Dist. LEXIS 16441, at *18, Docket No. 32, Order at 13), grounds for relief from an Order include mistake, inadvertence, surprise or excusable neglect, Fed. R. Civ. P. 60(b)(1), or any other reason, Fed. R. Civ. P. 60(b)(6). This Court has the discretion to reconsider and it is "generally granted only upon the showing of exceptional circumstances," Holmes v. Fischer, No. 09CV829, 2013 U.S. Dist. LEXIS 87124, at *31 (W.D.N.Y. June 20, 2013) (Foschio, Mag. J.) (citations omitted) (Docket No. 30, Defs. Memo. at 4); DeWeerth v. Baldinger, 38 F.3d 1266, 1272 (2d Cir. 1994) (to obtain relief under Rule 60(b)(6), party must demonstrate extraordinary circumstances or extreme and undue hardship). As repeated by Magistrate Judge Foschio,

> """The standard for granting such a motion is strict and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."' Id. (quoting Shrader v. CSX Transportation, Inc., 70 F.3d 255 (2d Cir. 1995)),"

Holmes, supra, 2013 U.S. Dist. LEXIS 87124, at *31.

One commentator noted that "Rule 60(b) does not govern relief from interlocutory orders, that is to say any order in which there is something left for the court to decide after issuing the order," Moore's Federal Practice—Civil § 60.23, text at no. 8.2 (2017), citing Phillips v. Sheriff of Cook County, 828 F.3d 541, 559 (7th Cir. 2016) (in absence of final judgment, Rule 60(b) not available to reconsider order decertifying a class). Courts in the Third Circuit have held that a discovery Order is not the Judgment or final Order contemplated by Rule 60(b), Khan v. Dell Inc., Civil Action No. 09-3703 (MAS) (TJB), 2013 U.S. Dist. LEXIS 62030, at *6-7 (D.N.J. Apr. 26, 2013); see also Torres v. Chater, 125 F.3d 166, 168 (3d Cir. 1997) (example of a non-final Order is a discovery Order, for appellate jurisdiction); Penn W. Assocs. v. Cohen, 371 F.3d 118, 125 (3d Cir.

2004) (Rule 60(b) applies to final judgments and orders, defined as those which end the litigation on the merits). The interlocutory nature of a discovery Order has been accepted by the United States District Court for the Northern District of New York to preclude reconsideration under Rule 60, Franzon v. Massena Mem. Hosp., 189 F.R.D. 220, 223 (N.D.N.Y. 1999) (McAvoy, C.J.) (citing Torres, supra, 125 F.3d at 168; Student Loan Mktg. Ass'n v. Lipman, 45 F.3d 173, 175 (7th Cir. 1995)). Then-Chief Judge McAvoy in Franzon also denied reconsideration under that Court's local rule, 189 F.R.D. at 223 (citing N.D.N.Y Loc. R. 7.1(g)). These cases applied Rule 60 to judgments and final Orders. Torres, supra, 125 F.3d at 168 (giving as example of non-final orders a discovery order); Khan, supra, 2013 U.S. Dist. LEXIS 62030, at *6 (Rule 60(b) motion requires a final order and discovery order is not final). While this Court had agreed with these precedents (which was not dictum, but cf. Docket No. 45, Defs. Reply Memo. at 8) and held that Rule 60 did not authorize reconsideration of plaintiff's discovery motion (Docket No. 32, Order at 14, Black, supra, 2016 U.S. Dist. LEXIS 164441, at *19-20), this Court alternatively considered the merits of the grounds for plaintiff's reconsideration under Rule 60(b) and rejected them (Docket No. 32, Order at 14-16; Black, supra, 2016 U.S. Dist. LEXIS 164441, at *20-23).

This Court thus **reconsiders** under Rule 60(a) the March 31, 2017, Order on defendants' motion. As to be noted below, this decision strikes the balance between rendering justice in this pretrial proceeding while not having this case further delayed, cf. Moore's, supra, ¶ 60.11[3].

II.     Plaintiff's Motion to Compel (Docket No. 42)

   A.     Defendants' Motion to Reconsider

The threshold issue is whether this Court committed an oversight regarding defendants' supplementation or was there a mistake in the last Order for defendants to obtain Rule 60 relief. As reflected in the first Order (Docket No. 27, Order at 15) and the second Order (Docket

11

No. 32, Order at 11, 10-11), defendants indicated their intention to supplement their papers, particularly regarding plaintiff's Equal Pay Act claims. Defendants now claim to have done so, but only payroll and tax records of plaintiff's colleagues during her tenure at Buffalo Meat Service to 2010 (Docket No. 42, Defs. Memo. at 1-5). This Court **erred** in not acknowledged the thousands of pages defendants produced beyond the initial 500 pages.

Assuming that plaintiff is satisfied with these thousands of pages of payroll documents from 2004-20, reconsideration thus boils down to whether defendants need to produce post-2010 documents. While defendants refuse to produce coworkers' tax and payroll records past plaintiff's May 2010 termination, they insist upon plaintiff producing her post-termination tax returns. The reasons for post-termination wage information (from either plaintiff or her former coworkers) is to establish plaintiff's Equal Pay Act claims (see Docket No. 44, Pl. Memo. at 7, quoting Docket No. 27, Order at 15) and to demonstrate the extent of plaintiff's damages (if any) for lost wages following her termination. Discovery, however, is not the stage wherein the temporal extent of plaintiff's Equal Pay Act claim (that is, whether plaintiff was wrongful terminated to have it extend to the present) is tested.

Upon reconsideration, plaintiff's motion (Docket No. 34) to compel production of the post-termination payroll and tax records of her former coworkers remains **granted**; defendants' motion (Docket No. 42) for a contrary Order upon reconsideration is **denied**. Defendants **are to produce to plaintiff comparable employee payroll and tax documentation** from 2010 to date.

Defendants have argued (Docket No. 45, Defs. Reply at 2) that some of the employees are not comparable to plaintiff. First, defendants decided (out of convenience to them) to produce sought records from all employees. Second, in light of defendants' pre-May 2010

12

production, arguments whether a particular employee is comparable to plaintiff is better addressed either in a dispositive motion or at trial. At this discovery stage, plaintiff only seeks discovery of matters relevant to her claim or defense and this information ultimately need not be admissible, see Fed. R. Civ. P. 26(b)(1). Defendants could produce post-May 2010 records of its employees with the caveat listing the employees they consider are comparable to plaintiff. As a result, defendants are to produce the records from the same employees they produced records for up to 2010.

B.  Plaintiff's Motion (Docket No. 28) Reconsidered

With reconsideration of defendants' motion, this Court is faced with the apparent inconsistency of denying similar relief to plaintiff earlier in this discovery motion practice. First, reconsideration of defendants' motion is now under **Rule 60(a)** for the mistake or omission and not under Rule 60(b), or Rule 59(e) to reconsider a judgment as noted by plaintiff (see Docket No. 44, Pl. Memo. at 5-6), that allow reconsideration only of a final dispositive Order or judgment. The scope of defendants' production in their motion is set forth in plaintiff's requests and this Court's Orders from her subsequent motions to compel that production. Plaintiff's motion seeking reconsideration given the defense's failure to produce all payroll and tax records of plaintiff's former coworkers; these are the items now subject of defendants' present motion (Docket No. 28, Pl. Atty. Decl. ¶ 29). Initially, production of the entirety of these documents was denied due to the proportionality requirement under Rule 26 (Docket No. 27, Order at 3; Docket No. 32, Order at 12; Black, supra, 2016 U.S. Dist. LEXIS 164441, at *17). This Court declined to revisit that decision on the alternative grounds that the discovery Order was not final and subject to reconsideration under Rule 60(b), Black, supra, 2016 U.S. Dist. LEXIS 164441, at

*20 (Docket No. 32, Order at 14), and that plaintiff had not satisfied the grounds under Rule 60(b) on the merits, id. at *20-23 (Docket No. 32, Order at 14-16).

The reconsideration relief granted to defendants here will not be the basis to reconsider discovery sought by plaintiff; her earlier motion (Docket No. 28, see Docket No. 23) to change the earlier Order (Docket No. 27) remains **denied**.

II.     Defendants' Cross-Motion

The remaining issue is production of plaintiff's tax returns. Plaintiff claimed a qualified privilege from producing these records since she believes they are not relevant to her claims. But she is claiming lost wages following her wrongful termination; hence her post-termination wages to present are relevant (Docket No. 38, Pl. Reply Memo. at 6-7). During oral argument, plaintiff contended that she filed income taxes jointly with her husband without distinguishing which spouse earned what. This Court then determined that plaintiff's post-termination income was discoverable and making her tax returns relevant, suggesting if the returns are available they should be produced (Docket No. 41, Mar. 16, 2017, Tr. at 13). Plaintiff did not respond to this portion of defendants' motion (beyond the general objection that reconsideration is unavailable here).

This Court in the March 31, 2017, Order stated that tax returns need not be produced "unless: (1) it clearly appears that they are relevant to the subject matter of the action or to the issues raised thereunder; and (2) there is a compelling need for their disclosure because the information contained in the tax returns is not otherwise readily available," McIntosh v. Bank of America, No. 06CV708, 2008 U.S. Dist. LEXIS 76280, at *6-7 (W.D.N.Y. Sept. 30, 2008) (Schroeder, Mag. J.) (citations omitted; emphasis added). As in McIntosh, plaintiff's earnings

14

are relevant to her lost wages claims and her Equal Pay Act claims, but there are other sources for plaintiff's earning, such as the sought W-2 statements, id. at *7. In that case, Magistrate Judge Schroeder ordered plaintiff either to produce W-2 statements or execute authorizations permitting that defendant to obtain them from the Internal Revenue Service, id. (Docket No. 40, Order at 8.)

The mistake here is the Order not reflecting the stated position of the Court during oral argument. Here, plaintiff **shall produce her tax returns in redacted form** (see Docket No. 41, Mar. 16, 2017, Tr. at 12; Docket No. 42, Defs. Atty. Aff. ¶¶ 5, 29, Ex. 1). Part of this redaction should exclude information about her husband's income and its sources, despite her arguments that these returns did not distinguish her spouse's income from her own. W-2 statements and other income statements for the individual wage earner clearly would state her earnings and source for a particular year and employer(s); hence the earlier Order focused on production of W-2 forms as the better source of plaintiff's income distinct from other sources. During oral argument (Docket No. 41, Tr. at 12-13), defendants argued that certain W-2 forms were missing. As noted in the earlier Order (Docket No. 40, Order at 8), the better source of information on plaintiff's earnings from her employer(s) (separate from her husband's earnings or from other taxable sources) is her W-2 forms. Nevertheless, defendants insist upon production of the tax returns as well (absent opposition by plaintiff on the substance); these entire tax return contains otherwise extraneous information that should not be produced **absent redaction**.

As a result, upon reconsideration defendants' cross-motion (Docket No. 36) to compel is **granted in part (including production of plaintiff's redacted tax returns for the period sought in defendants' discovery demands)**, and **deemed moot where plaintiff has produced**

15

(regarding authorizations, W-2 statements and other materials already produced or about to be produced, and the scheduling of plaintiff's deposition, considered in the March 31 Order, Docket No. 40 at 7-9).

III.     Fourth Amended Scheduling Order, Docket No. 40

Defendants have not objected to (or sought reconsideration of) the Fourth Amended Scheduling Order (Docket No. 40, Order at 9-10). Later, the parties jointly moved to extend Scheduling Order (see id.) deadlines by 90 days (Docket No. 46). That motion separately was granted (Docket No. 47).

To clarify, plaintiff's expert disclosure is now due by **September 29, 2017**; defense expert disclosure is due by **October 30, 2017**. As previously ordered (Docket No. 47), discovery now is to be completed by November 13, 2017, and dispositive motions are due by February 12, 2018 (id.).

IV.     Reasonable Motion Expenses

Both sides have moved to compel discovery and at least one side partially prevailed on their respective motions. Following this reconsideration plaintiff is to produce her redacted tax returns while defendants are to produce payroll and tax documents from 2010 to the present.

Plaintiff requested to recover her costs and disbursements and other relief as found by this Court to be just and proper (Docket No. 34, Pl. Notice of Motion; cf. Docket No. 36, Defs. Notice of Cross-Motion (seeking such other relief that is deemed just and proper)). Again, under Rule 37(a)(5), if a motion to compel is granted in part (including if discovery is provided after filing of that motion, see Fed. R. Civ. P. 37(a)(5)(A)) and is denied in part, "the court may issue

any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion," id., R. 37(a)(5)(C).

Pursuant to Rule 37(a)(5)(C), the parties are to be heard on whether to award motion expenses; as reset herein, these positions are due **seven (7) days from entry of this Order**, or by **June 30, 2017**. Responses are due **fourteen (14) days from entry of this Order** or by **July 7, 2017**. The fee application(s) will be deemed submitted, without oral argument unless otherwise scheduled by this Court, on **July 7, 2017**. The applications and responses should address whether discovery costs should be imposed; how much of those costs are attributable to relief wherein a party prevailed (but not those costs for other relief that was sought in these motions); whether the party or counsel (or both) should be found liable for the costs; and what the reasonable motion costs are that the party seeks to recoup, see Fed. R. Civ. P. 37(a)(5)(A), (C).

This Court again cautions that Rule 37 practice can lead to "prolonged ancillary litigation and delay even further reaching the merits of this case," Lamar Advert. of Penn, LLC v. Town of Orchard Park, No. 01CV556, 2006 U.S. Dist. LEXIS 82901, at *27 (W.D.N.Y. Nov. 14, 2006) (Scott, Mag. J.) (declining to impose discovery sanctions).

CONCLUSION

For the reasons stated above, defendants' motion for reconsideration (Docket No. 42) is **granted**; as a result plaintiff's motion (Docket No. 34) to compel and for compliance with this Court's prior Orders remains **granted**; defendants' cross-motion (Docket No. 36) to compel is **granted in part and deemed moot where plaintiff produced** as specified in this Order. Specifically, plaintiff is to produce her redacted tax returns. Upon reconsideration, so much of

plaintiff's earlier motion to compel (Docket No. 28) **remains denied** for the reasons stated herein.

Absent protest to the contrary, the deadlines contained in the Fourth Amended Scheduling Order (Docket No. 40, Order at 9-10) remains **unaffected by this Order save expert disclosure deadlines as set forth above**.

The parties are to be heard on whether to award their respective motion expenses; these positions are due **seven (7) days from entry of this Order**, or by **June 30, 2017**, with response due and the application(s) deemed submitted **fourteen days from entry of this Order**, or by **July 7, 2017**.

So Ordered.

*/s/ Hugh B. Scott*
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
       June 23, 2017