UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DARCY M. BLACK,

                              Plaintiff,

                                         **Hon. Hugh B. Scott**

                                         15CV49S

                    v.

                                         **Order**

BUFFALO MEAT SERVICE INC., et al.,

                              Defendants.

Before the Court are the applications of the parties to recover motion costs for their motions to compel: plaintiff's motion (Docket No. 50) and defendants' motion (Docket No. 51). This Court (Docket No. 40) granted plaintiff's motion to compel (Docket No. 34) but only partially granted defendants' own motion to compel (Docket No. 36). That Order recognized that both sides prevailed in some sense on their motions and allowed applications to recover their respective discovery motion costs (Docket No. 40, Order of March 31, 2017, at 10). Defendants moved (Docket No. 42) to reconsider this Court's Order (Docket No. 40), delaying these fee applications. The reconsideration Order (Docket No. 48, Order of June 23, 2017), allowed the parties to move to recover their reasonable motion costs where they prevailed in their respective motions (id. at 16-17). Familiarity with this Order (and prior discovery proceedings held herein) is presumed.

Factoring in time for filing any objections to the June 23, 2017, Order (see Fed. R. Civ. P. 72(a)), the fee application motions were due by July 10, 2017, with responses to the

opponent's application due by July 17, 2017, and the application motions deemed submitted (without oral argument) on July 17, 2017 (Docket No. 49).

BACKGROUND

This is an employment discrimination action wherein plaintiff alleges violations of Title VII, the Civil Rights Act of 1964, the Equal Pay Act, 42 U.S.C. § 1981, and the New York State Human Rights Law, see Black v. Buffalo Meat Serv., No. 15CV49, 2016 U.S. Dist. LEXIS 164441, at *2-4 (W.D.N.Y. Nov. 29, 2016) (Scott, Mag. J.) (Docket No. 32, Order of Nov. 29, 2016, at 2-3). Plaintiff filed a series of motions to compel (Docket Nos 23, 28, 34) as well as defendants' cross-motion to compel (Docket No. 36). The present fee application arises from the last series of motions (plaintiff's motion, Docket No. 34, as well as from defendants' cross-motion, Docket No. 36, to compel and defense motion for reconsideration, Docket No. 42).

*Plaintiff's Third Motion to Compel (No. 34)*

Pertinent to the present fee applications, plaintiff sought compliance with this Court's August 16, 2016, and November 29, 2016, Orders (Docket Nos. 27, 32) and production of all documents responsive to her Request Nos. 12 and 13 (Docket No. 34), seeking tax and payroll records from January 2016 to present (Docket No. 34, Pl. Atty. Decl. ¶ 26).

Defendants renewed their response that they produced, among 500 pages of documents already produced, materials responsive to plaintiff's outstanding demands (Docket No. 36, Defs. Memo. at 7-9). Defense counsel's affidavit stated that defendants supplemented tax and payroll documents from the period of plaintiff's tenure, with over 2,700 pages of materials (Docket No. 37, Defs. Atty. Aff. ¶¶ 36, 38, 39).

*Defendants' Cross-Motion (No. 36)*

In addition to responding to plaintiff's last motion to compel, defendants cross-moved plaintiff to produce her W-2, tax returns and to execute medical and Social Security authorizations (Docket No. 36). They also wanted plaintiff to schedule her deposition following defense receipt of earnings, tax, and medical records (id.).

*Order of March 31, 2017 (No. 40)*

In the Order of March 31, 2017, this Court granted plaintiff's motion to compel and ordered compliance with the prior Orders while granting in part and denying in part defendants' motion to compel (Docket No. 40, Order of Mar. 31, 2017). Pertinent to the reconsideration motion, this Court held that defendants were to produce tax and payroll records based upon representations that only 500 pages of those records were produced (id. at 6-7). This Court then found that plaintiff need not produce her joint tax returns but only produce W-2 forms instead (id. at 8-9). After extending the Scheduling Order deadlines (id. at 9-10), this Order also set forth briefing for discovery sanctions (id. at 10); this briefing was held in abeyance pending resolution of the present reconsideration motion (Docket No. 43).

*Defendants' Motion for Reconsideration (No. 42)*

Defendants then sought reconsideration of the March 31, 2017, Order (Docket No. 40); seeking denial of plaintiff's motion to compel further production from them of payroll and tax documents (Docket No. 42, Defs. Notice of Motion at 1). They contended that defendants did supplement the 500 pages of production with 2,700 additional pages of its employees' payroll and tax documents to 2010 (id., Defs. Memo. at 2-3, 4-5). They stated that they noted this supplementation in prior proceedings (Docket No. 27, Order at 15; Docket No. 25, Defs. Memo.

3

at 2; Docket No. 36, Defs. Atty. Aff. ¶¶ 36, 38, 39; Docket No. 30, Defs. Memo. at 1, 2) but this Court disregarded it (see Docket No. 42, Defs. Memo. at 6). They asserted that they produced in supplementation weekly payroll records of all employees (and not merely comparable employees) during plaintiff's employment and their W-2 statements and W-2 summary reports (Docket No. 42, Defs. Memo. at 4-5). Defendants also wanted reconsidered the denial (in part) of their motion to compel plaintiff's redacted tax returns, with defendants seeking disclosure of plaintiff's source of income during the course of this litigation (id. at 9). Defendants also sought redacted tax returns to learn the sources of plaintiff's post-termination income (Docket No. 42, Defs. Notice of Motion at 1).

Plaintiff countered that there is no motion for reconsideration and, under Rules 59(e) or 60(b), a non-final Order cannot be reconsidered, citing this Court's earlier Order denying reconsideration of plaintiff's motion (Docket No. 44, Pl. Atty. Decl. ¶¶ 12-[2d] 12; see Docket No. 32, Order at 14; Black, supra, 2016 U.S. Dist. LEXIS 164441, at *19-20; Docket No. 33, 3d Am. Scheduling Order at 14). She argued that defendants still had not produced payroll or tax records after 2010 (Docket No 44, Pl. Atty. Decl. ¶¶ 20, 22-23); defendants supplemented with records only during the period of plaintiff's employment, up to 2010 and merely repeated arguments that failed in three prior motions to compel (id. ¶ 27; Docket No. 44, Pl. Memo. at 10). Plaintiff, however, did not respond to defense motion to reconsider compelling her to produce her joint tax returns.

*Order of June 23, 2017 (No. 48)*

Defendants' motion to reconsider was granted in part and this Court reexamined disposition of the last round of motions to compel, finding that this Court erred in not

acknowledging the extent of defense production (Docket No. 48, Order at 11-12). Defendants were ordered to produce tax and employee payroll documentation from 2010 to present for employees as previously produced (whether comparable to plaintiff or not) (id. at 12-13). After discussing the apparent inconsistency with denying plaintiff's prior motion to reconsider (id. at 13-14), this Court reconsidered denial of plaintiff's tax records to defendants, holding that plaintiff was to produce her joint tax returns in redacted form (id. at 14-15), and deemed moot other production defendants sought wherein plaintiff either had produced or was in the process of producing (id. at 15-16). This Order also extended expert disclosure deadlines (id. at 16; see also Docket No. 47, Fifth Amended Scheduling Order).

Finally, this Court noted that both sides prevailed at least in part in their respective motions to compel; entitling recovery of some amount of their reasonable motion costs (Docket No. 48, Order at 16). This Court thus asked the parties to address whether discovery costs should be imposed; how much of a party's costs are attributable to the portion of their motion in which they prevailed; which (the party or its counsel or both) should be held responsible for these costs; and what was the amount of the reasonable costs (id. at 17). Parties, however, were cautioned about avoiding making this fee application process into "prolonged ancillary litigation," Lamar Advert. of Penn., LLC v. Town of Orchard Park, No. 01CV556, 2006 U.S. Dist. LEXIS 82901, at *27 (W.D.N.Y. Nov. 14, 2006) (Scott, Mag. J.) (Docket No. 48, Order at 17).

*Plaintiff's Fee Application (No. 50)*

Plaintiff denies that defendants were substantially justified in not producing the payroll and tax records (Docket No. 50, Pl. Atty. Decl. ¶¶ 9-14, 15-16). Plaintiff claims attorney's fees

5

as her expenses for the motion $7,220.00 for 36.1 hours at a partner's rate of $200 per hour (id. ¶¶ 18-20, Ex. A), with this rate due to counsel's thirty years' experience (id. ¶ 19).

Defendants argue that their failure to produce was substantially justified (or imposition of sanctions here unjust) since they only needed to produce documents regarding comparable employees and not the full scope plaintiff sought, especially given the proportionality ruling by this Court (Docket No. 51, Defs. Memo. at 13-18). Defendants object to plaintiff recovering her costs for opposing defendants' motion for reconsideration (Docket No. 53, Defs. Responding Memo. at 8-9).

*Defense Fee Application (No. 51)*

Defendants counter that their claim for motion expenses is attorneys' fees totaling $7,781.00 for 6.9 hours expended by a partner (at a rate of $290 per hour), and 26.0 hours for an associate (at a rate of $220 per hour) (Docket No. 51, Defs. Atty. Aff. ¶ 19), with actual billing records available for in camera inspection by this Court. The Court declines to conduct that inspection. Defendants contend that they sought documents (plaintiff's tax and income materials, medical and Social Security authorizations) for months and plaintiff refused to produce, also they sought to conduct plaintiff's deposition (id., Defs. Memo. at 9-10).

Plaintiff complains that defendants did not produce contemporaneous time records to justify their attorneys' fee request (Docket No. 52, Pl. Atty. Decl. ¶ 4). She objects that defendants did not engage in good faith efforts to resolve their discovery disputes prior to moving to compel production (id. ¶ 5). Plaintiff recites the produced authorizations and her belief that there was no dispute prior to defense cross-motion (id. ¶¶ 6-10). She states that she produced authorizations and W-2 statements months before defendants' cross-motion and

6

responded to defense discovery demands as they were made (id., Pl. Memo. at 3-4). Plaintiff argues that she was substantially justified in not producing her tax returns because she produced her W-2 forms and had asserted qualified privilege against producing the joint returns (id. at 4). She explained that she had back surgery in late September 2016, hindering the scheduling of plaintiff's examination (id. at 4-5).

Neither side claims other motion expenses aside from attorneys' fees.

## DISCUSSION

I.  Applicable Standard—Reasonable Discovery Costs

Imposition of sanctions for failure to comply with discovery demands must be weighed in light of the full record. Johanson v. County of Erie, No. 11CV228, 2012 U.S. Dist. LEXIS 6772, at *3 (W.D.N.Y. Jan. 20, 2012) (Scott, Mag. J.); see Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures, 602 F.2d 1063, 1068 (2d Cir. 1979). Under Rule 37, where a motion to compel is granted in part and denied in part, "the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion," Fed. R. Civ. P. 37(a)(5)(C), including attorney's fees, see id., R. 37(a)(5)(A). Also for failure to comply with this Court's previous discovery Order, the movant may recover her reasonable motion expenses, id., R. 37(b)(2)(C) (Docket No. 50, Pl. Atty. Decl. ¶ 9).

As alluded to in the June 23, 2017, Order (Docket No. 48, at 17), this analysis has several factors: first, which motion cost is attributable to the prevailing point. Both parties moved for production of various items but only prevailed on a subset. So the full time and costs for filing their respective motions or responding to their opponent's motion is not automatically

recoverable. Second, since both sides won (and both sides lost) on various points in their motions, the Court has to determine whether the prevailing costs are a wash. Third, where a party prevails in a motion to compel, the reasonable motion expenses may be charged to the opposing party or to their attorney or both, id., R. 37(a)(5)(A). Fourth, again for a prevailing motion to compel, id., the Court may not impose recovery of these expenses if there was no good faith attempt to obtain the discovery short of motion practice; the opposition to disclosure was substantially justified; or "other circumstances make an award of expenses unjust," id. Although these apply in the exclusively prevailing motion, that standard also informs whether to apportion recovery of expenses where both sides prevail in part on their respective motions.

Fifth, the parties need to show that the amounts of discovery motion expenses claimed are reasonable. Movants are entitled only to reasonable costs and attorneys' fees, if entitled to recover anything at all. "If the court determines to award expenses and fees, it is for the court to decide what amount is proper." 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2288, at 666-67 (Civil 2d ed. 1994); see also Addington v. Mid-American Lines, 77 F.R.D. 750, 751 (W.D. Mo. 1978) (three hours at $50 per hour held excessive in 1978 where opponent merely failed to make timely response to interrogatories, reducing time to one hour). The rate or amount an attorney bills his or her client related to discovery or a motion to compel does not make that rate or time expended reasonable under Rule 37 as reasonable motion expenses. See Kahn v. General Motors Corp., No. 88 Civ. 2982, 1993 U.S. Dist. LEXIS 5196, at *4 (S.D.N.Y. Apr. 19, 1993).

Using the lodestar (or the "presumptively reasonable fee," see Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 493 F.3d 110, 111(2d Cir. 2007)) method for

calculating the reasonable attorney's fee, Johnson v. the Bon-Ton Stores, No. 05CV170, Docket No. 39, 2006 U.S. Dist. LEXIS 20019, at *8 (W.D.N.Y. Apr. 17, 2006) (Scott, Mag. J.); see Hensley v. Eckerhart, 461 U.S. 424, 429-30, 430 n.3 (1983) (applying for fees under 42 U.S.C. § 1988 using lodestar method), the components for determining the reasonable attorneys' fee are the moving attorney's time spent on the motion and the reasonable billing rate for that attorney. The last component for determining the reasonable motion expenses are the other motion expenses incurred (not claimed here by either side). In calculating the "presumptively reasonable fee," this Court "should generally use the prevailing hourly rate in the district where it sits to calculate what has been called the 'lodestar,'" Arbor Hill, supra, 493 F.3d at 111. The movant seeking reimbursement bears the burden of proving the hours spent and the prevailing rates. 7 Moore's Federal Practice–Civil § 37.23[8] (2005); see Johnson, supra, 2006 U.S. Dist. LEXIS 20019, at *11.

Furthermore, the time that is recoverable is only so much that a party recovered on her or their discovery demands (specifying time expended on a particular prevailing issue). Most attorney billing records do not reach this level of detail in specifying how long he or she worked on a particular issue. To present such detail and file that billing with this Court in support of a fee application is rarely done and because such disclosure potentially exposes attorney work product confidences in the detail. Absent detailed billing records, this Court will apply the percentage of relief obtained by the prevailing party to determine the recoverable amount of time.

In the reconsideration Order of June 23, 2017, the protective Order aspects were granted (Docket No. 48). What remains is whether to award either side its reasonable motion expenses.

9

II.  Plaintiff's Fee Application

   A.  Fee that Is Recoverable

For either party's fee application, both sides do not dispute the attorneys' fee rate quoted by their opposite number or the time claimed working on the respective motions to compel.

   1.  Failure to Produce Substantially Justified or Imposition of Costs as Unjust

Defendants claim that their failure to produce these employee tax and personnel records was either substantially justified (as limited by the proportionality ruling by this Court or restricted to comparable employees). Plaintiff's application goes back to her earlier motion to compel later subject to defense motion for reconsideration. Following the reconsideration, plaintiff prevailed on her motion to compel production of the tax and payroll records. Plaintiff was awarded production of defendants' personnel and tax records for their employees and for the period requested after her termination (Docket No. 48, Order at 11-13). The first Order (Docket No. 27, Order at 14-15) recognized proportionality for 500 pages defendants initially produced save for additional production for her Equal Pay Act claims and the last Order (Docket No. 48, Order at 11-13). While acknowledging defendants' additional production of 2,700 pages of documents about <u>all</u> of their employees (and not those deemed by defense to be comparable to plaintiff), ordered defendants to produce post-May 2010 records for all of their employees with the caveat that only some employees may turn out to be comparable to plaintiff. Who is or is not comparable is left for a future dispositive motion (or ultimately for trial). Defendants **were not substantially justified** in not producing these records.

2. Rate Calculation

Neither side disputes the rate charged by their opposite number or the particular time expended as part of their claim. But here, defendants dispute plaintiff's entitlement on so much of her motion not reaching discovery issues. They argue that plaintiff should not recover her costs for opposing the motion for reconsideration (Docket No. 53, Defs. Response at 8). From plaintiff's counsel billing records, her attorney spent a total of 15 hours from April 12-20, 2017, researching and drafting responding papers to the reconsideration (Docket No. 50, Pl. Atty. Decl. Ex. A at 3); excluded is the time from April 8, 2017, wherein counsel reviewed the motion to compel and conducted research on damages recoverable under the Equal Pay Act (id.). Plaintiff did not prevail on the procedural question of whether reconsideration could be (or should have been) held; the bulk of the research (as evidenced in the responding declaration and memorandum of law, Docket No. 52) reflects inquiry into that procedural question. Rule 37 sanctions are recoverable only for successfully compelling discovery (or, for a party moving for a protective Order, obtaining that Order or like relief). Had plaintiff prevailed in limiting the subjects for reconsideration, she still could not recover her costs for prevailing on this procedural point.

As noted in the reconsideration Order (Docket No. 48, Order at 12-13), plaintiff on that second look did prevail in obtaining either confirmation of the discovery she is entitled to obtain and clarification of the discovery she should receive. Thus, the approximate time expended by her counsel in obtaining that discovery relief will be the only amount recoverable; the time claimed for researching and drafting the reconsideration arguments **is not recoverable**. Absent detailed billing records (specifying time expended on a particular issue, specificity rarely done

11

and potentially exposing attorney work product confidences), this Court applied a rough calculation that **excludes** the time expended on billing dates April 12-20, 2017, believed to have been used to address the reconsideration issues that are not recoverable; these totaled 15 hours and (at counsel's $200 per hour rate) $3,000 in plaintiff's claim. Plaintiff's fee award is **reduced** by $3,000. As a result, plaintiff is only entitled to **$4,220.00**, for 21.1 hours of attorney's time deemed to be for seeking discovery production.

B. Liable Party

Rule 37 attributes discovery motion costs either upon the party, its counsel, or both. Neither side discussed whether the client, attorney, or both were responsible for the failure to produce. It is not clear from the motion papers or the fee application whether defendants or their attorneys are responsible. Therefore, **both defendants and their counsel are jointly liable for plaintiff's fee award.**

III. Defendants' Fee Application—Recovery of Fee and Amount

In addition to granting reconsideration, defendants prevailed in obtaining in redacted form plaintiff's tax returns, as well as W-2 statements and authorizations produced during the pendency of their motions. Many of these items were produced during the pendency of this cross-motion (for example, some produced days before oral argument, see Docket No. 53, Defs. Reply Memo. at 3).

Plaintiff argues that defendants did not engage in good faith to resolve their discovery dispute prior to cross-moving to compel production (Docket No. 52, Pl. Atty. Decl. ¶¶ 5, 6-10). Most of the items sought by defendants were produced by plaintiff as the motion was filed or shortly thereafter.

The purpose of Rule 37 requiring good faith effort to obtain the discovery without judicial intervention is to not clog the Court with discovery disputes that could easily be resolved by the parties. That rule is also to preclude "tit-for-tat" motion practice wherein the opponent cross moves to compel in response to movant's original motion but absent good faith efforts to resolve the opponent's discovery issues, see also Mattel, Inc. v. Rand Int'l Leisure Products, Ltd., No. 06CV807, 2008 WL 4826320 at *7 (W.D.N.Y. Nov. 4, 2008) (Scott, Mag. J.); CooperVision, Inc. v. Ciba Vision Corp., No. 2:06CV149, 2007 WL 2264848, at *1 (E.D. Tex. Aug. 6, 2007) (Hines, Mag. J.) ("Bullying, venomous and tit-for-tat pretrial antics go against the letter and spirit of the Federal Rules of Civil Procedure"). In 2015-16, defendants wrote for corrected authorizations (Docket No. 36, Defs. Atty. Decl. ¶¶ 15-19, 21, 23, 26, 28, Exs. 4-7, 10, 11, 14, 15) and conducted a telephone conference with plaintiff's counsel seeking these documents (id. ¶ 22). While there may not have been a prolonged series of attempts to obtain the last set of authorizations in 2017 (cf. id. ¶ 28), these are the culmination of defendants' attempts to obtain these authorizations (and the medical records they would allow produced) from 2015. Thus, defendants here **have shown good faith efforts** to resolve this dispute prior to making this cross-motion. Defendants also recount their efforts to schedule plaintiff's deposition (id. ¶¶ 29-33) and to obtain her income and tax records (id. ¶¶ 10-11, 13, 18, 20-22, 24-28), thus establishing their good faith efforts for these demands.

Plaintiff next argues that she was substantially justified in the manner of her production since she produced many of the items sought by defendants in their cross-motion months prior to the cross-motion (Docket No. 52, Pl. Memo. at 3-4). She did not decline to appear at her deposition; rather, she had back surgery in late September 2016 when the examination was

planned (id. at 4-5).  This Court, in the March 31, 2017, Order (Docket No. 40, Order at 7-9) denied defense motion to compel, but this was reversed on reconsideration (Docket No. 48, Order at 14-16) and defendants were to gain redacted copies of plaintiff's joint tax return (recognizing that information from non-party plaintiff's husband is included in the tax returns). Ordinarily, tax returns are subject to qualified privilege and, production of W-2 statements would provide the material defendants sought, but this Court agreed that plaintiff put her salary at issue in this case to have discovery on that point (see id. at 14-15).  Plaintiff, thus, **was substantially justified in withholding the tax returns**.

Third, she complains that defendants' application did not have contemporaneous time records from defense counsel to justify the application (id. at 5).  Given the result just stated that plaintiff was substantially justified in denying production of her tax returns, thus, the defendants are **not entitled to recover their motion costs for their cross-motion** and their motion (Docket No. 51) is **denied**.

## CONCLUSION

For the reasons stated above, plaintiff's application motion (Docket No. 50) to recover her reasonable discovery motion costs is **granted in part**, and defendants' application motion (Docket No. 51) to recover their reasonable discovery motion costs following their motions is **denied**.  Plaintiff thus is awarded **$4,220.00** against defendants and their counsel jointly.

So Ordered.

*/s/ Hugh B. Scott*
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
August 3, 2017