# EXHIBIT F



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Buffalo Local Office

6 Fountain Plaza, Suite 350
Buffalo, NY 14202
(716) 551-4442
TTY (716) 551-5923
FAX (716) 551-4387

Charge No.: 846-2010-55217

Darcy M. Black
253 Payne Ave., Lower
North Tonawanda, NY 14120            Charging Party

Black Angus Meats
Attn.: Robert Seibert, Owner
2519 Niagara Falls Blvd.
Amherst, NY 14226                    Respondent

## DETERMINATION

Under the authority vested in me by the Commission's Procedural Regulations, I issue the following determination on the merits of this charge filed under Title VII of the Civil Rights Act of 1964 (Title VII), as amended and the Equal Pay Act (EPA.) Timeliness, deferral and all other requirements for coverage have been met.

Charging Party began her employment with Respondent on May 16, 2004, as a front counter employee who performed wrapper, packer and cleaner duties. Charging Party alleged that she was paid a lower hourly rate and subjected to different terms and conditions of employment because of her gender/female. Charging Party also alleged that she was subjected to a racially offensive and hostile work environment when her bi-racial children were referred to as "niggers" by a coworker. Although she complained about the harassment, Respondent failed to take effective actions. Charging Party asserted that she was constructively discharged because she could no longer tolerate the hostile work environment. Finally, Charging Party alleged that during her employment, Black applicants were denied employment.

Respondent denied that Charging Party was paid at a lower hourly rate because of her gender and maintained that employees are paid according to their job experience, additional duties assigned, and seniority. Respondent acknowledged that Charging Party complained about race discrimination, but that her claim was unfounded. Lastly, Respondent denied that Black applicants were denied employment based on race.

DEF0018

A review of hourly rates assigned of both male and female employees revealed that Charging Party and other females were paid at a higher salary than a number of male employees. The hourly rate was diverse depending on seniority, previous experience, additional duties assigned, and other factors unrelated to gender. None of the information obtained during the investigation substantiated that females were paid at a lower hourly rate than males.

However, the investigation revealed that Charging Party was subjected to a racially offensive and hostile work environment. Further, Charging Party complained about race discrimination, but Respondent failed to take effective or corrective actions, and she was constructively discharged on May 25, 2012.

The investigation also revealed that Black applicants applied for employment during the years Charging Party worked for Respondent; none of them were interviewed or offered employment. EEOC requested Respondent provide copies of most recent employment applications that they received, but they were unable to comply. Because its response was "only completed applications are kept...and they are maintained for a few months or until a position is filled," this represents a recordkeeping violation. Employment Laws require that employment records, including employment applications shall be kept for at least a period of one year of the date of an employment action.

Based on this analysis, I have determined that the evidence obtained during the investigation does not establish a violation of Title VII and the EPA with respect to wages disparity. This letter will be the only notice of the Charging Party's right to sue sent by the Commission with respect to her wages claim. Following this dismissal, the Charging Party may only pursue her wages claim under Title VII and the EPA by filing suit against the Respondent named in the Charge within ninety (90) days of the receipt of this letter. Otherwise, the Charging Party right sue on these issues will be lost.

There is, however, reasonable cause to believe that Charging Party was subjected to a hostile work environment and constructive discharge based on race discrimination in violation of Title VII. It has been also confirmed that Respondent failed to interview and hire Black applicants. In addition, Respondent incurred in a recordkeeping violation by not retaining its employment applications for at least one year as required by law.

This determination does not conclude the processing of this charge. The EEOC will begin conciliation efforts to resolve all matters where there is reason to believe that violations have occurred. Therefore, the Commission now invites the parties to join with it in reaching a just resolution to this matter. The confidentiality provisions of Section 107 of Title VII and the Commission Regulations apply to information obtained during conciliation.

When the Respondent declines to discuss settlement or when, for any reason, a settlement acceptable to the office Director is not obtained, the Director will inform the parties and advise them of the court enforcement alternatives available to aggrieved persons and the Commission. A Commission representative will contact each party in the near future to begin conciliation.

On Behalf of the Commission:

OCT 2 0 2014
Date

John E. Thompson, Jr., Director
Buffalo Local Office

CC: Josephine A. Greco
1700 Rand Building
14 Lafayette Square
Buffalo, NY 14203

Damon Morey
Attn.: Stacey L. Moar
The Avant Building, Ste. 1200
200 Delaware Ave.
Buffalo, NY 14202

DEF0020