UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DARCY M. BLACK,

                           Plaintiff,

v.

BUFFALO MEAT SERVICE, INC., doing business
as BOULEVARD BLACK ANGUS, also known as
BLACK ANGUS MEATS, also known as BLACK
ANGUS MEATS & SEAFOOD,
ROBERT SEIBERT,
DIANE SEIBERT,
KEEGAN ROBERTS,

                           Defendants.

AFFIRMATION OF RANDOLPH
C. OPPENHEIMER IN SUPPORT
OF DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT

15-cv-00049

---

      **RANDOLPH C. OPPENHEIMER, ESQ.**, affirms under penalty of perjury the following is true:

      1.    I am a partner of Barclay Damon LLP, counsel for the Defendants Buffalo Meat Service, Inc., doing business as Boulevard Black Angus, also known as Black Angus Meats, also known as Black Angus Meats & Seafood, Robert Seibert, Diane Seibert and Keegan Roberts ("Defendants') in this action.

      2.    I am admitted to practice law in the Western District of New York and submit this Declaration in support of Defendants' Motion for Summary Judgment seeking the dismissal of the Complaint of Plaintiff Darcy M. Black ("Black").

      3.    I obtained a copy of Black's Voluntary Petition for Chapter 7 Bankruptcy, Case No. 1:09bk10778-MJK dated March 3, 2009, via LexisNexis. A copy of Black's Bankruptcy Petition is attached hereto as **Exhibit A**.

4. Schedule B to Black's Bankruptcy Petition expressly compelled Black to disclose all "contingent and unliquidated claims of every nature . . . ." *Id.* at p. 10.

5. Plaintiff's Bankruptcy Petition also included the notice required by Section 342(b) of the Bankruptcy Code ("Section 342 Notice"), which warns, *inter alia*, that "A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both." *Id.* at p. 37.

6. According to Black's Bankruptcy Petition, she was represented by David Butterini, Esq., an experienced bankruptcy attorney well known in the Buffalo legal community.

7. A copy of the case docket in Black's Bankruptcy proceeding, as well as a copy of the Discharge Order granted by the United States Bankruptcy Court, Western District of New York, fully discharging Black of all her debts, are attached hereto as **Exhibits B** and **C**, respectively.

8. Plaintiff, a White female who is the mother of two children from two African-American fathers, filed this employment discrimination action in 2015, alleging in her filings with this Court (and in her 2010 and 2011 EEOC filings) that discriminatory conduct at the Butcher Shop permeated her entire employment, beginning in her year of hire (2005) and continuing through 2010. Black asserts that this conduct impacted her so profoundly that, by 2006, she began undergoing mental health counseling to address its impact on her and that she cried almost every day, at work and afterwards. The impact was so intense that, in 2018, Black testified tearfully at her deposition. Moreover, her memory of the alleged events was so clear that she was able – in some cases thirteen years after the event – to give testimony about specific acts of discrimination.

9.      Yet, at the very same time this allegedly pervasive and profoundly impactful conduct was occurring, and being reported to her health care provider, she never disclosed it when she filed a bankruptcy (using an experienced bankruptcy attorney). She did not tell her attorney, she did not tell her trustee, she did not tell her creditors, and she did not tell the Court.

10.     Had she made this required disclosure, her claim would have become an asset of her estate to be administered by her trustee. The trustee would have had control over the claims since her assets automatically would transfer to the newly-created bankruptcy estate. Standing would transfer from her to her trustee. But she denied him and her creditors this asset. The remedy should be dismissal. She lacks standing and her conduct warrants a bar under the doctrine of judicial estoppel.

11.     In addition, Black's Equal Pay Act claim is time-barred; her claims against the Individual Defendants cannot be made under Title VII; her Title VII claims were not administratively exhausted; the race claim based on her mixed-race children is not cognizable; her gender-based and race-based hostile work environment and constructive discharge claims lack essential proof; and her equal pay claims under Title VII and/or the New York State Human Rights Law ("NYSHRL") are time-barred or unprovable.

12.     Based on the foregoing, as well as the facts set forth in Defendants' Statement of Facts pursuant to Federal Rule 56 and accompanying Appendix and Memorandum of Law, Defendants respectfully request that the Court dismiss Plaintiff's Complaint in its entirety as a matter of law.

**Dated:** August 20, 2019

/s/ Randolph C. Oppenheimer
Randolph C. Oppenheimer, Esq.

18963861.1