**EX. 14**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DARCY M. BLACK
253 Payne Ave., Lower
North Tonawanda, New York 14120                    **COMPLAINT**

                        Plaintiff,                 Civ. No.

            v.

BUFFALO MEAT SERVICE, INC., doing business
as BOULEVARD BLACK ANGUS, also known as
BLACK ANGUS MEATS, also known as
BLACK ANGUS MEATS & SEAFOOD,
ROBERT SEIBERT,
DIANE SEIBERT,
KEEGAN ROBERTS
2519 Niagara Falls Boulevard
Amherst, New York 14228

                        Defendants.
_____

      Plaintiff, DARCY M. BLACK, by and through her attorneys, GRECO TRAPP,

PLLC, for her Complaint against the Defendants, BUFFALO MEAT SERVICE, INC., doing

business as BOULEVARD BLACK ANGUS, also known as BLACK ANGUS MEATS, also

known as BLACK ANGUS MEATS & SEAFOOD, ROBERT SEIBERT, DIANE SEIBERT,

and KEEGAN ROBERTS, respectfully states:

### JURISDICTION AND VENUE

      1.     This action is authorized by and instituted under the Title VII of the Civil

Rights Act of 1964, as amended 42 U.S.C. § 2000e et seq., 29 U.S.C. § 201 et seq. and 42 U.S.C.

§1981. Plaintiff, DARCY M. BLACK, invokes the jurisdiction of this Court pursuant to 28

U.S.C. §§ 1331, 1337, and 1343(4). The matter in controversy arises under an Act of Congress

regulating commerce and relating to race discrimination and it exceeds the sum and value of $10,000.

2.  The venue of this action is properly placed in the Western District of New York pursuant to 28 U.S.C. § 1391. Plaintiff, DARCY M. BLACK, resides in this District. Upon information and belief, Defendants, BUFFALO MEAT SERVICE, INC., doing business as BOULEVARD BLACK ANGUS, also known as BLACK ANGUS MEATS, also known as BLACK ANGUS MEATS & SEAFOOD, ROBERT SEIBERT, DIANE SEIBERT, and KEEGAN ROBERTS, were and still are doing business in this District, and a substantial part of the events giving rise to Plaintiff, DARCY M. BLACK's claims occurred in this District.

## PARTIES

3.  Plaintiff, DARCY M. BLACK, is a Caucasian female citizen of the United States of America, and resides in the City of North Tonawanda, County of Niagara, State of New York.

4.  At all relevant times, Plaintiff, DARCY M. BLACK (hereinafter MS. BLACK), was an "employee" as defined in § 701(f) of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e(f) and also as defined as 29 U.S.C. § 203(e)(1). She was also an "employee" as defined in the New York State Human Rights Law, Executive Law § 290 et seq.

5.  Upon information and belief, Defendant, BUFFALO MEAT SERVICE, INC., doing business as BOULEVARD BLACK ANGUS, also known as BLACK ANGUS MEATS, also known as BLACK ANGUS MEATS & SEAFOOD, is a corporation duly licensed to do business in New York with a principle place of business at 2519 Niagara Falls Boulevard, Amherst, Erie County, New York, and holding itself out as BLACK ANGUS MEATS.

2

6.     Upon information and belief, Defendants, ROBERT SEIBERT, DIANE SEIBERT, and KEEGAN ROBERTS are the sole shareholders of Defendant BUFFALO MEAT SERVICE, INC., doing business as BOULEVARD BLACK ANGUS, also known as BLACK ANGUS MEATS, also known as BLACK ANGUS MEATS & SEAFOOD.  Upon further information and belief, Defendants ROBERT SEIBERT, DIANE SEIBERT and KEEGAN ROBERTS have the primary authority to hire and fire, and make salary and benefit determinations of, employees of Defendant BUFFALO MEAT SERVICE, INC., doing business as BOULEVARD BLACK ANGUS, also known as BLACK ANGUS MEATS, also known as BLACK ANGUS MEATS & SEAFOOD.

7.     At all relevant times, Defendant, BUFFALO MEAT SERVICE, INC., doing business as BOULEVARD BLACK ANGUS, also known as BLACK ANGUS MEATS, also known as BLACK ANGUS MEATS & SEAFOOD (hereinafter BLACK ANGUS MEATS), was and still is an "employer" as defined in § 701(b) of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e(b), 42 U.S.C. § 203(d) and the New York State Human Rights Law, Executive Law § 290 et seq.

8.     BLACK ANGUS MEATS has continuously been engaged in an industry affecting commerce within the meaning of § 701(h) of Title VII of the Civil Rights of 1964, 42 U.S.C. § 2000-e(h) et seq.

## STATEMENT OF FACTS

9.     MS. BLACK is a Caucasian female whose date of birth is December 15, 1970.

10.     MS. BLACK is the mother of two children whose father is a Black, African-American.

3

11.     On or about May 16, 2004, MS. BLACK commenced her employment with BLACK ANGUS MEATS.

12.     MS. BLACK's last position at BLACK ANGUS MEATS was as a Wrapper-Packer-Cleaner, earning $10.00 dollars per hour.

13.     MS. BLACK last worked for BLACK ANGUS MEATS on May 25, 2010.

14.     During the approximately six years that MS. BLACK was employed by BLACK ANGUS MEATS, all the employees of BLACK ANGUS MEATS were Caucasian.

15.     Similarly situated male employees were paid at a higher rate of pay than MS. BLACK.

16.     Upon information and belief, Mark Leible, an approximately 24 year old male, who was hired in approximately 2009 by BLACK ANGUS MEATS and worked as a Wrapper-Packer-Cleaner, was paid approximately $12.50 per hour.

17.     Upon information and belief, Jamie LaPress, an approximately 34 year old male who was employed by BLACK ANGUS MEATS as a Wrapper-Packer-Cleaner during the period of MS. BLACK's employment, was paid approximately $13.00 per hour.

18.     Upon information and belief, Sean Round, an approximately 34 year old male who was hired in approximately May 2005 as a Wrapper-Packer-Cleaner/Driver, was paid approximately $12.50 per hour.  Upon further information and belief, Mr. Round received a $2.00 per hour raise on or about June 2010.

19.     Upon information and belief, Patrick Howells, an approximately 39 year old male, worked as a Wrapper-Packer-Cleaner from approximately October to March each year while he was laid off from his regular job doing concrete work, and was paid $10.00 per hour off the books while also collecting unemployment insurance benefits.

4

20.    Upon information and belief, a similarly situated female, Debbie Nygrich, has been employed by BLACK ANGUS MEATS as a Wrapper-Packer-Cleaner for over 20 years, but was paid $10.50 per hour.

21.    Upon information and belief, Nicole Seibert, the daughter of Defendants, ROBERT SEIBERT and DIANE SEIBERT, began work at BLACK ANGUS MEATS in late 2008 or early 2009 as a Wrapper-Packer-Cleaner and was the only female who was paid at a higher salary rate than the similarly situated male employees.

22.    In approximately March 2010, MS. BLACK requested a salary increase from BLACK ANGUS MEATS, but that request was denied.

23.    Male employees of BLACK ANGUS MEATS were provided better terms and conditions of employment than female employees.

24.    Male employees were not required to call in when they are going to be absent or come in late, or take several breaks to smoke, and they were not reprimanded, but females are not allowed to do that without being reprimanded.

25.    MS. BLACK's time was closely scrutinized while employed by BLACK ANGUS MEATS.  Defendant KEEGAN ROBERTS, an approximately 26 year old male, was the manager for approximately the last 6 years of her employment.  Often when MS. BLACK was on break, he and/or Defendant DIANE SEIBERT, would ask where she was.  When MS. BLACK would be on her permitted break, Defendant KEEGAN ROBERTS would come find her, look at his arm as if he was looking at his watch to suggest that her break was over even though her break was not yet over.  Defendant KEEGAN ROBERTS watched MS. BLACK's breaks so closely that she felt compelled to record her breaks on her time card.

26.     Jamie LaPress was often 20 minutes to one and half hours late for work but he was not reprimanded.  He would also leave the work site during the work day, go behind the dumpster and smoke marijuana.  Management was aware of this, joking with Mr. LaPress about it, making comments such as "Oh are you stoned today?" or "Did you have your daily appointment with the dumpster?", yet took no action against him.

27.     Sean Round was permitted to come in late on Saturdays or leave early during the Summer and Fall of each year because he plays in a football league.  During the rest of the year, he only has to work the first two Saturdays of each month, while other female employees were expected to work each Saturday of every month.  Further, approximately half of the days of the week, Mr. Round would come in anywhere from a half hour to an hour and a half late and would mark on his time card that he had arrived at the scheduled time as opposed to the time that he actually arrived at work.  Also, beginning in the Summer of 2009 until the time MS. BLACK's employment ended, when Mr. Round's girlfriend came to the store, he would leave the building and talk to her in his or her car or outside the building.  Management was aware of this, but took no action against him.

28.     Mark Leible, who was MS. BLACK's partner at work in the pack room, was late approximately from 20 minutes up to an hour many days a week.  Mr. Leible was also allowed to take smoke breaks throughout the day.  Management was aware of this, but took no action against him.

29.     Matt Marshall, an approximately 21 year old male who was hired in approximately 2008 by BLACK ANGUS MEATS as a Wrapper-Packer-Cleaner, was allowed to take smoking breaks throughout the day.  Management was aware of this but took no action against him.

6

30.     Brett Meyer, an approximately 21 year old male who was hired in approximately January 2010 as a Wrapper-Packer-Cleaner, would disappear during his shift and go to the bathroom, break room, or out the back door and other employees would have to search for him.  On at least four occasions, MS. BLACK was brought to the counter to replace him because he could not be located.  Management was aware of this but took no action against him.

31.     Male employees were also given preference for taking off Saturdays while female employees were not.  Male employees were scheduled to have some Saturdays off each month while female employees were not given any Saturdays off unless they requested it in advance and, even then, female employees often were not permitted to take the day off.  MS. BLACK repeatedly requested to be scheduled off on a Saturday but her requests were denied.  In approximately April 2010, MS. BLACK requested to take a Saturday off four weeks in advance but was denied.

32.     Defendant ROBERT SEIBERT and Defendant KEEGAN ROBERTS would come in to the pack room and greet all of the male employees by name, but would walk past MS. BLACK and refuse to acknowledge her.

33.     Male employees made comments of a sexual nature to female employees, including but not limited to, "She's got a nice ass", "Your headlights are on", "Oh look at that cleavage", and "Does the carpet match the drapes?"

34.     MS. BLACK's co-workers and management were aware that her two children are Black.  Racial comments were made by the owners and other employees about Black individuals and Black individuals were discriminated against with regard to employment opportunities.

7

35.     Defendant DIANE SEIBERT and Defendant KEEGAN ROBERTS did the hiring for BLACK ANGUS MEATS.

36.     When "Help Wanted" signs were placed in the door window of BLACK ANGUS MEATS' facility for an open position, Black individuals who applied for the position were not given interviews.  Only Caucasian individuals who applied were given interviews.  If Defendant DIANE SEIBERT or Defendant KEEGAN ROBERTS were not at work when applications were received, MS. BLACK and other employees would have to tell them whether the applicant was Black or White and whether he or she was presentable.  If Defendant DIANE SEIBERT or Defendant KEEGAN ROBERTS were at work when applications were received, MS. BLACK or other employees would give the application to Defendant DIANE SEIBERT or Defendant KEEGAN ROBERTS.  Defendant DIANE SEIBERT or Defendant KEEGAN ROBERTS would look outside the window by Defendant DIANE SEIBERT's desk where the counter was visible.  If the individual was Black, they would tell MS. BLACK or the employee us to tell the applicant that BLACK ANGUS MEATS was just collecting applications and the applicant would receive a telephone call.  If the applicant was Caucasian, Defendant DIANE SEIBERT or Defendant KEEGAN ROBERTS would tell MS. BLACK or the employee to invite the applicant in and bring them to the office to meet with them.

37.     No Black individuals were interviewed, hired or employed by BLACK ANGUS MEATS during the time of MS. BLACK's employment with BLACK ANGUS MEATS, although approximately 50 Black individuals had submitted applications for employment.  One Black individual applied almost every time there was a "Help Wanted" sign in BLACK ANGUS MEATS' window and he never got an interview.

38.     MS. BLACK knew a clean cut, well-spoken Black male who was looking for employment.  There was a sign in the window at the store seeking full-time/part-time employees.  He came to the store, filled out an application, gave it to MS. BLACK and she brought it to Defendant DIANE SEIBERT.  Defendant DIANE SEIBERT looked out the window and told MS. BLACK to tell him that they were gathering applications and they would call him.  As MS. BLACK was walking behind the counter to return to the applicant in the deli, MS. BLACK saw Defendant DIANE SEIBERT throw what appeared to be the application into her garbage can.  Not long after that, MS. BLACK collected the garbage can from Defendant DIANE SEIBERT's office and saw the application in the garbage confirming that she threw it out.

39.     Raeleen Rush, approximately 23 years old, and her sister, Regina Rush, approximately 22 years old, were employed at BLACK ANGUS MEATS as Wrapper-Packer-Cleaners during approximately 2004 to 2008 and earned approximately $8.50 per hour.  They both are Caucasian and had boyfriends who were Black.  Both Caucasian females were harassed about having a Black boyfriend.  Sean Round often made comments to Raeleen Rush and/or Regina Rush including, but not limited to, "She would be better off with a white guy"; "She needs to be with one of her own kind" and asking them, "What is wrong with white guys?"  They told him it was their choice and to leave them alone.  Sean Round also told Raeleen Rush, among other things, that her boyfriend was using her to get her name because Black men always cheat and he probably has a lot of girlfriends.  Management was aware of these discriminatory comments but no action was taken.

40.     Jamie LaPress (Caucasian male) and Sean Round made racial comments to co-workers about Black individuals.

9

41.     They would refer to BLACK ANGUS MEATS' Black customers as "Bob's Niggs."  Sean Round would regularly say that he had to deliver to "Bob's Niggs", referring to Black customers of BLACK ANGUS MEATS.

42.     Mr. LaPress and Mr. Round would make statements which included, but were not limited to: "How can they have nice cars and get food stamps?" and "How come they have nice clothes and get food stamps?"   Nicole Seibert, the daughter of Defendants ROBERT SEIBERT and DIANE SEIBERT, and Defendant KEEGAN ROBERTS, manager, would laugh out loud.

43.     When a large Black individual with food stamps would come in the store and purchase filet mignon or strip steak, Nicole Seibert would make statements that included, but were not limited to: the individual was too fat or why can't they get out and work.

44.     Mr. LaPress would often say that the owner, Defendant ROBERT SEIBERT, would call him on the telephone and say his "Niggs" are dirtying up the parking lot.

45.     On May 15, 2010, Mr. LaPress needed a key for the paper towel holder by the sink in the deli.  He asked MS. BLACK if she could break into it.  When MS. BLACK said no, Mr. LaPress said, "You have two Black kids so you must know how."  MS. BLACK told him that her children do not steal, they don't break into stuff and asked him why would he say that. He replied, "'Cause they're niggers."

46.     MS. BLACK was very offended with Mr. LaPress' comments and complained to Debbie Nygrich and Tommy Howell (the butcher), (who are frequently in charge of the staff).  Mr. LaPress was told that his actions were inappropriate, but he did not take it seriously.  He said that MS. BLACK would have to "get over it."  After that, Mr. LaPress totally

ignored MS. BLACK.  When MS. BLACK would ask him to do something job related, such as

get product out of the freezer for her, he would act as if MS. BLACK did not exist.

47.    On Saturday, May 22, 2010, MS. BLACK could no longer face the hostile

work environment, so she tendered a letter of resignation addressed to Defendant ROBERT

SEIBERT on Defendant DIANE SEIBERT's desk at the end of the day giving her two weeks

notice.  MS. BLACK stated that she could no longer bear the harassment from Mr. LaPress, and

that he had referred to her children as "niggers."

48.    On Tuesday, May 25, 2010, Defendant ROBERT SEIBERT called MS.

BLACK into the office because, upon information and belief, Nicole Seibert read the letter MS.

BLACK left on Defendant DIANE SEIBERT's desk.  Defendant ROBERT SEIBERT accepted

MS. BLACK's two-week notice and told her "stuff like that happens all the time."  When MS.

BLACK asked him if it was okay for Mr. LaPress to refer to her children as "niggers," he said "it

happens in sports and politics", and she had to deal with it.  Defendant ROBERT SEIBERT

called Mr. LaPress into the office and asked him about it.  Mr. LaPress said that he and MS.

BLACK were not talking now and it was nice.  MS. BLACK told Defendant ROBERT

SEIBERT that she was very uncomfortable working around Mr. LaPress because of his

comments.   Defendant ROBERT SEIBERT said that he was uncomfortable with the situation so

MS. BLACK could leave right now.  MS. BLACK collected her belongings and left crying.

49.    MS. BLACK was constructively discharged from her employment on that

date.

50.    MS. BLACK was subjected to discrimination, harassment and a hostile

environment, and ultimately terminated due to race and sex and her complaints of discrimination

in violation of the Title VII of the Civil Rights Act of 1964 and the New York Human Rights

Law (Executive Law, Article 15), Section 296 and 42 U.S.C. § 1981.

51.    Defendants failed to address any of MS. BLACK's complaints, allowed

the hostile work environment to continue, and allowed her to be further discriminated against,

harassed, subjected to a hostile environment and constructively discharged.

52.    MS. BLACK was terminated because of race, sex, harassment, and hostile

environment.

53.    Defendants, their agents, servants, and/or employees, treated MS. BLACK

adversely because of race and sex and engaged in a pattern and practice of knowing, intentional,

willful and voluntary course of wrongful discriminatory conduct.

54.    As set forth above, Defendants willfully and intentionally engaged in a

course of conduct designed to make it appear as though MS. BLACK was discharged for

nondiscriminatory reasons.

55.    As a result of the conduct of Defendants, their agents, servants, and/or

employees, MS. BLACK has been deprived of terms and benefits of employment.

56.    Defendants asked MS. BLACK  to perform the same or substantially the

same job position as other male employees, including, but not limited to Mark Leible, Jamie

LaPress, Sean Round and Patrick Howells, requiring equal skill, effort, and responsibility under

similar working conditions at the same establishment and paid Plaintiff at a rate less than such

male employees.

57.    The differential rate of pay was not part of or occasioned by a seniority

system, merit system, a system based on the quantity or quality of production or upon a factor

other than sex.

12

58. As a result of the conduct of Defendants, their agents, servants and/or employees, MS. BLACK incurred damages including, but not limited to, lost back wages and lost future wages, lost employee benefits, lost employment opportunities, damage to her reputation in the community, severe emotional distress and mental anguish, degradation, humiliation, embarrassment and attorneys' fees and costs.

## CONDITIONS PRECEDENT TO ACTION

59. Plaintiff, DARCY M. BLACK, has complied with all the jurisdictional prerequisites to action pursuant to § 706 of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 2000e-5(f) as follows:

a. In accordance with the time prescribed by § 706(e) of Title VII of the Civil Rights of 1964 and 42 U.S.C. § 2000e-5(e), on or about June 18, 2010, Plaintiff, DARCY M. BLACK, filed a charge of discrimination with the United States Equal Employment Opportunity Commission (EEOC).

b. On or about the same date, the caused a copy of said charge to be filed with the New York State Division of Human Rights.

c. On or about October 18, 2010, the EEOC sent notification to Plaintiff, DARCY M. BLACK that, with respect to her charge of discrimination filed on or about June 18, 2010, she had the Right to Sue within 90 days of the receipt of the notification. A copy of the EEOC Right To Sue is attached hereto as Exhibit "A."

d. On or about January 13, 2011, the EEOC issued a Notice of Intent to Reconsider which vacated the prior letter of dismissal. A copy of the Notice of Intent to Reconsider is attached as Exhibit "B".

13

e.    In accordance with the time prescribed by § 706(e) of Title VII of the Civil Rights of 1964 and 42 U.S.C. § 2000e-5(e), on or about December 16, 2010, Plaintiff, DARCY M. BLACK, filed a Verified Complaint of unlawful employment practices on the basis of race, sex and equal pay with the United States Equal Employment Opportunity Commission (EEOC).

f.    On or about the same date as the aforementioned EEOC Verified Complaint was filed, the EEOC caused a copy of said Verified Complaint to be filed the New York State Division of Human Rights.

g.    On or about October 20, 2014, the EEOC issued a Determination finding reasonable cause to believe that Defendants engaged in unlawful discriminatory practices with respect to the Verified Complaint filed on or about December 16, 2010.  That Determination indicated that it constituted Plaintiff, DARCY M. BLACK's Right to Sue within 90 days of the receipt of that letter as to her claims of wage disparity pursuant to Title VII and the Equal Pay Act.  A copy of the EEOC Determination is attached hereto as Exhibit "C."

h.    On or about November 25, 2014, the EEOC sent notification to Plaintiff, DARCY M. BLACK, that, with respect to the Verified Complaint filed on or about December 16, 2010, she had the Right to Sue within 90 days of the receipt of the notification.  A copy of the EEOC Notice of Right To Sue is attached hereto as Exhibit "D."

i.    Plaintiff, DARCY M. BLACK, has filed this action within 90 days of the receipt of the notifications of the Right to Sue from the EEOC.

**AS AND FOR A FIRST CAUSE OF ACTION**

60.    Plaintiff, DARCY M. BLACK, repeats and realleges each and every allegation contained in paragraphs "1" through "59" as though fully set forth herein.

14

61.     Throughout her time as an employee of Defendant, BLACK ANGUS MEATS, Plaintiff, DARCY M. BLACK, was subjected to different terms and conditions of employment than similarly situated Caucasian employees and a hostile work environment.

62.     Plaintiff, DARCY M. BLACK, was subjected to a continuing course of racial discrimination by Defendant, BLACK ANGUS MEATS, its agents, servants, and/or employees.

63.     Plaintiff, DARCY M. BLACK, was required to work in a racially hostile environment where she had been harassed by her supervisors, other agents, servants, and/or employees of Defendant, BLACK ANGUS MEATS, who were aware that Plaintiff, DARCY M. BLACK, was subjected to a hostile work environment; however, Defendant, BLACK ANGUS MEATS, refused to investigate, stop, or prevent the discriminatory behavior from continuing.

64.     The effect of the policies and practices pursued by the Defendant, BLACK ANGUS MEATS, as alleged above limited, classified, and discriminated against the Plaintiff, DARCY M. BLACK, in ways which resulted in the loss of her job and deprived her of employment opportunities and otherwise adversely affected her status as an employee because of race in violation of 42 U.S.C. § 2000e et seq.

65.     Defendant, BLACK ANGUS MEATS, knew or in the exercise of reasonable diligence should have known of the wrongful and unlawful actions, conduct, and omissions of its agents, servants, and/or employees and took no remedial action.

66.     As a result of Defendant, BLACK ANGUS MEATS' actions, conduct, and omissions, including but not limited to those described above, Defendant, BLACK ANGUS MEATS, discriminated against Plaintiff, DARCY M. BLACK, with respect to her compensation, terms, conditions, and privileges of employment constituting unlawful race discrimination in

15

violation of § 703(a) of Title VII of the Civil Rights Acts of 1964, as amended, 42 U.S.C. §

2000e-2(a), thereby entitling Plaintiff, DARCY M. BLACK, to relief under the provisions of §

706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5.

67.     Defendant, BLACK ANGUS MEATS' wrongful acts, conduct, and

omissions were intentional and wanton and done with malice and/or a reckless indifference to

Plaintiff, DARCY M. BLACK's rights and feelings in violation of § 102(a) of the Civil Rights

Act of 1991, 42 U.S.C. § 1981a.

68.     As a result of Defendant, BLACK ANGUS MEATS' actions, conduct,

and omissions, including but not limited to those described above, Plaintiff, DARCY M.

BLACK, incurred damages, including but not limited to, lost back wages, reinstatement to

employment or lost future wages, employee benefits, lost employment opportunities, mental

anguish, emotional distress, and embarrassment.  Plaintiff, DARCY M. BLACK, is thereby

entitled to an award of compensatory, punitive, and/or exemplary damages.

69.     As a direct and proximate result of Defendant, BLACK ANGUS MEATS'

wrongful acts, conduct, and omissions, including but not limited to those described above,

Plaintiff, DARCY M. BLACK, has been damaged in the amount of $ 2 million.

70.     Pursuant to § 706(k), 42 U.S.C. § 2000 e-5(k) of Title VII of the Civil

Rights Act of 1964, as amended, Plaintiff, DARCY M. BLACK, is entitled to reasonable costs

and attorneys' fees.

71.     Pursuant to § 102(c) of the Civil Rights Act of 1991, 42 U.S.C. §

1981a(c), Plaintiff, DARCY M. BLACK, demands a jury trial as to all issues so triable.

16

## AS AND FOR A SECOND CAUSE OF ACTION

72.     Plaintiff, DARCY M. BLACK, repeats and realleges each and every allegation contained in paragraphs "1" through "59" as though fully set forth herein.

73.     Plaintiff, DARCY M. BLACK, invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1367(a).

74.     Defendants, their agents, servants, and/or employees treated Plaintiff, DARCY M. BLACK, adversely because of race and engaged in a knowing, intentional, willful, and voluntary course of wrongful discriminatory conduct in violation of the Human Rights Law of the State of New York, Executive Law § 290 et seq.

75.     Defendants discriminated against Plaintiff, DARCY M. BLACK, with respect to compensation, terms, conditions, and privileges of employment because of race in violation of the Human Rights Law of the State of New York, Executive Law § 290 et seq.

76.     Defendants' wrongful acts, conduct, and omissions, including but not limited to those described above, were willful and wanton and done with a reckless disregard of Plaintiff, DARCY M. BLACK's rights under the Human Rights Law of the State of New York.

77.     As a result of Defendants' actions, conduct, and omissions, including but not limited to those described above, Plaintiff, DARCY M. BLACK, incurred damages, including but not limited lost back wages, reinstatement to employment or lost future wages, employee benefits, lost employment opportunities, mental anguish, emotional distress, and embarrassment.

78.     As a result of Defendants' wrongful acts, conduct, and omissions, including but not limited to those described above, Plaintiff, DARCY M. BLACK, has been damaged in the amount of $2 million.

17

79.     Plaintiff, DARCY M. BLACK, demands a jury trial as to all issues so triable.

## AS AND FOR A THIRD CAUSE OF ACTION

80.     Plaintiff, DARCY M. BLACK, repeats and realleges each and every allegation contained in paragraphs "1" through "59" as though fully set forth herein.

81.     As a result of these offensive acts, including but not limited to those described above, Defendant, BLACK ANGUS MEATS, its agents, servants, and/or employees, created a racially hostile working environment in which Plaintiff, DARCY M. BLACK, was intimidated, harassed, and undermined in her attempts to succeed.

82.     Throughout Plaintiff, DARCY M. BLACK's employment with Defendant, BLACK ANGUS MEATS, Plaintiff, DARCY M. BLACK, brought the above-described unlawful conduct to the attention of her supervisors.

83.     As a result, Defendant, BLACK ANGUS MEATS, knew or through the exercise of reasonable diligence should have known of the wrongful and unlawful actions, conduct, and omissions of its agents, servants, and/or employees and took no remedial action.

84.     The effects of this hostile working environment were so severe and pervasive that it affected the terms, conditions, and privileges of the Plaintiff, DARCY M. BLACK's employment, constituting unlawful racial harassment in violation of § 703(a) of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e-2(a), thereby entitling Plaintiff, DARCY M. BLACK, to relief under the provisions of § 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(g).

85.     Defendant, BLACK ANGUS MEATS' wrongful acts, conduct, and omissions were intentional and wanton and done with malice and/or a reckless indifference to Plaintiff, DARCY M. BLACK's rights and feelings in violation of § 102(a) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

86.     As a result of Defendant, BLACK ANGUS MEATS' actions, conduct, and omissions, including but not limited to those described above, Plaintiff, DARCY M. BLACK, incurred damages, including but not limited to, lost back wages, reinstatement to employment or lost future wages, employee benefits, lost employment opportunities, mental anguish, emotional distress, and embarrassment.  Plaintiff, DARCY M. BLACK, is thereby entitled to an award of compensatory, punitive, and/or exemplary damages.

87.     As a direct and proximate result of the Defendant, BLACK ANGUS MEATS' wrongful acts, conduct, and omissions, including but not limited to those described above, Plaintiff, DARCY M. BLACK, has been damaged in the amount of $2 million.

88.     Pursuant to § 706(k), 42 U.S.C. § 2000 e-5(k) of Title VII of the Civil Rights Act of 1964, as amended, Plaintiff, DARCY M. BLACK, is entitled to reasonable costs and attorneys' fees.

89.     Pursuant to § 102(c) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(c), Plaintiff, DARCY M. BLACK, demands a jury trial as to all issues so triable.

## AS AND FOR A FOURTH CAUSE OF ACTION

90.     Plaintiff, DARCY M. BLACK, repeats and realleges each and every allegation contained in paragraphs "1" through "59" as though fully set forth herein.

91.     Plaintiff, DARCY M. BLACK, invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1367(a).

92.     During the course of Plaintiff, DARCY M. BLACK's employment, Defendants, their agents, servants, and/or employees, subjected Plaintiff, DARCY M. BLACK, to unwelcome comments, insults and other racially offensive conduct thus creating a hostile work environment and engaged in a knowing, intentional, willful, and voluntary course of wrongful discriminatory conduct in violation of the Human Rights Law of the State of New York, Executive Law § 290 et seq.

93.     Defendants' wrongful acts, conduct, and omissions, including but not limited to those described above, were willful and wanton and done with a reckless disregard of Plaintiff, DARCY M. BLACK's rights under the Human Rights Law of the State of New York.

94.     As a result of Defendants' actions, conduct, and omissions, including but not limited to those described above, Plaintiff, DARCY M. BLACK, incurred damages, including but not limited to, lost back wages, reinstatement to employment or lost future wages, employee benefits, lost employment opportunities, mental anguish, emotional distress, and embarrassment.

95.     As a result of Defendants' wrongful acts, conduct, and omissions, including but not limited to those described above, Plaintiff, DARCY M. BLACK, has been damaged in the amount of $2 million.

96. Plaintiff, DARCY M. BLACK, demands a jury trial as to all issues so triable.

## AS AND FOR A FIFTH CAUSE OF ACTION

97.     Plaintiff, DARCY M. BLACK, repeats and realleges each and every allegation contained in paragraphs "1" through "59" as though fully set forth herein.

98.     Throughout her time as an employee of Defendant, BLACK ANGUS MEATS, Plaintiff, DARCY M. BLACK, was subjected to different terms and conditions of employment than similarly situated male employees and a hostile work environment.

99.     Plaintiff, DARCY M. BLACK, was subjected to a continuing course of sex discrimination by Defendant, BLACK ANGUS MEATS, its agents, servants, and/or employees.

100.    Plaintiff, DARCY M. BLACK, was required to work in a sexually hostile environment where she had been harassed by her supervisors, other agents, servants, and/or employees of Defendant, BLACK ANGUS MEATS, who were aware that Plaintiff, DARCY M. BLACK, was subjected to a hostile work environment; however, Defendant, BLACK ANGUS MEATS, refused to investigate, stop, or prevent the discriminatory behavior from continuing.

101.    The effect of the policies and practices pursued by the Defendant, BLACK ANGUS MEATS, as alleged above limited, classified, and discriminated against the Plaintiff, DARCY M. BLACK, in ways which resulted in the loss of her job and deprived her of employment opportunities and otherwise adversely affected her status as an employee because of race in violation of 42 U.S.C. § 2000e et seq.

102.    Defendant, BLACK ANGUS MEATS, knew or in the exercise of reasonable diligence should have known of the wrongful and unlawful actions, conduct, and omissions of its agents, servants, and/or employees and took no remedial action.

103.    As a result of Defendant, BLACK ANGUS MEATS' actions, conduct, and omissions, including but not limited to those described above, Defendant, BLACK ANGUS MEATS, discriminated against Plaintiff, DARCY M. BLACK, with respect to her compensation, terms, conditions, and privileges of employment constituting unlawful sex discrimination in

violation of § 703(a) of Title VII of the Civil Rights Acts of 1964, as amended, 42 U.S.C. §
2000e-2(a), thereby entitling Plaintiff, DARCY M. BLACK, to relief under the provisions of §
706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5.

104.   Defendant, BLACK ANGUS MEATS' wrongful acts, conduct, and
omissions were intentional and wanton and done with malice and/or a reckless indifference to
Plaintiff, DARCY M. BLACK's rights and feelings in violation of § 102(a) of the Civil Rights
Act of 1991, 42 U.S.C. § 1981a.

105.   As a result of Defendant, BLACK ANGUS MEATS' actions, conduct,
and omissions, including but not limited to those described above, Plaintiff, DARCY M.
BLACK, incurred damages, including but not limited to, lost back wages, reinstatement to
employment or lost future wages, employee benefits, lost employment opportunities, mental
anguish, emotional distress, and embarrassment.  Plaintiff, DARCY M. BLACK, is thereby
entitled to an award of compensatory, punitive, and/or exemplary damages.

106.   As a direct and proximate result of Defendant, BLACK ANGUS
MEATS' wrongful acts, conduct, and omissions, including but not limited to those described
above, Plaintiff, DARCY M. BLACK, has been damaged in the amount of $ 2 million.

107.   Pursuant to § 706(k), 42 U.S.C. § 2000 e-5(k) of Title VII of the Civil
Rights Act of 1964, as amended, Plaintiff, DARCY M. BLACK, is entitled to reasonable costs
and attorneys' fees.

108.   Pursuant to § 102(c) of the Civil Rights Act of 1991, 42 U.S.C. §
1981a(c), Plaintiff, DARCY M. BLACK, demands a jury trial as to all issues so triable.

## AS AND FOR A SIXTH CAUSE OF ACTION

109.   Plaintiff, DARCY M. BLACK, repeats and realleges each and every allegation contained in paragraphs "1" through "59" as though fully set forth herein.

110.   Plaintiff, DARCY M. BLACK, invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1367(a).

111.   Defendants, their agents, servants, and/or employees treated Plaintiff, DARCY M. BLACK, adversely because of her sex and engaged in a knowing, intentional, willful, and voluntary course of wrongful discriminatory conduct in violation of the Human Rights Law of the State of New York, Executive Law § 290 et seq.

112.   Defendants discriminated against Plaintiff, DARCY M. BLACK, with respect to compensation, terms, conditions, and privileges of employment because of sex in violation of the Human Rights Law of the State of New York, Executive Law § 290 et seq.

113.   Defendants' wrongful acts, conduct, and omissions, including but not limited to those described above, were willful and wanton and done with a reckless disregard of Plaintiff, DARCY M. BLACK's rights under the Human Rights Law of the State of New York.

114.   As a result of Defendants' actions, conduct, and omissions, including but not limited to those described above, Plaintiff, DARCY M. BLACK, incurred damages, including but not limited lost back wages, reinstatement to employment or lost future wages, employee benefits, lost employment opportunities, mental anguish, emotional distress, and embarrassment.

115.   As a result of Defendants' wrongful acts, conduct, and omissions, including but not limited to those described above, Plaintiff, DARCY M. BLACK, has been damaged in the amount of $2 million.

116.   Plaintiff, DARCY M. BLACK, demands a jury trial as to all issues so triable.

## AS AND FOR A SEVENTH CAUSE OF ACTION

117.   Plaintiff, DARCY M. BLACK, repeats and realleges each and every allegation contained in paragraphs "1" through "59" as though fully set forth herein.

118.   As a result of these offensive acts, including but not limited to those described above, Defendant, BLACK ANGUS MEATS, its agents, servants, and/or employees, created a sexually hostile working environment in which Plaintiff, DARCY M. BLACK, was intimidated, harassed, and undermined in her attempts to succeed.

119.   Throughout Plaintiff, DARCY M. BLACK's employment with Defendant, BLACK ANGUS MEATS, Plaintiff, DARCY M. BLACK, brought the above-described unlawful conduct to the attention of her supervisors.

120.   As a result, Defendant, BLACK ANGUS MEATS, knew or through the exercise of reasonable diligence should have known of the wrongful and unlawful actions, conduct, and omissions of its agents, servants, and/or employees and took no remedial action.

121.   The effects of this hostile working environment were so severe and pervasive that it affected the terms, conditions, and privileges of the Plaintiff, DARCY M. BLACK's employment, constituting unlawful sexual harassment in violation of § 703(a) of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e-2(a), thereby entitling Plaintiff, DARCY M. BLACK, to relief under the provisions of § 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(g).

122.    Defendant, BLACK ANGUS MEATS' wrongful acts, conduct, and omissions were intentional and wanton and done with malice and/or a reckless indifference to Plaintiff, DARCY M. BLACK's rights and feelings in violation of § 102(a) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

123.    As a result of Defendant, BLACK ANGUS MEATS' actions, conduct, and omissions, including but not limited to those described above, Plaintiff, DARCY M. BLACK, incurred damages, including but not limited to, lost back wages, reinstatement to employment or lost future wages, employee benefits, lost employment opportunities, mental anguish, emotional distress, and embarrassment.  Plaintiff, DARCY M. BLACK, is thereby entitled to an award of compensatory, punitive, and/or exemplary damages.

124.    As a direct and proximate result of the Defendant, BLACK ANGUS MEATS' wrongful acts, conduct, and omissions, including but not limited to those described above, Plaintiff, DARCY M. BLACK, has been damaged in the amount of $2 million.

125.    Pursuant to § 706(k), 42 U.S.C. § 2000 e-5(k) of Title VII of the Civil Rights Act of 1964, as amended, Plaintiff, DARCY M. BLACK, is entitled to reasonable costs and attorneys' fees.

126.    Pursuant to § 102(c) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(c), Plaintiff, DARCY M. BLACK, demands a jury trial as to all issues so triable.

### AS AND FOR AN EIGHTH CAUSE OF ACTION

127.    Plaintiff, DARCY M. BLACK, repeats and realleges each and every allegation contained in paragraphs "1" through "59" as though fully set forth herein.

128.    Plaintiff, DARCY M. BLACK, invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1367(a).

129.    During the course of Plaintiff, DARCY M. BLACK's employment, Defendants, their agents, servants, and/or employees, subjected Plaintiff, DARCY M. BLACK, to unwelcome comments, insults and other sexually offensive conduct thus creating a hostile work environment and engaged in a knowing, intentional, willful, and voluntary course of wrongful discriminatory conduct in violation of the Human Rights Law of the State of New York, Executive Law § 290 et seq.

130.    Defendants' wrongful acts, conduct, and omissions, including but not limited to those described above, were willful and wanton and done with a reckless disregard of Plaintiff, DARCY M. BLACK's rights under the Human Rights Law of the State of New York.

131.    As a result of Defendants' actions, conduct, and omissions, including but not limited to those described above, Plaintiff, DARCY M. BLACK, incurred damages, including but not limited to, lost back wages, reinstatement to employment or lost future wages, employee benefits, lost employment opportunities, mental anguish, emotional distress, and embarrassment.

132.    As a result of Defendants' wrongful acts, conduct, and omissions, including but not limited to those described above, Plaintiff, DARCY M. BLACK, has been damaged in the amount of $2 million.

133.    Plaintiff, DARCY M. BLACK, demands a jury trial as to all issues so triable.

## AS AND FOR A NINTH CAUSE OF ACTION

134.    Plaintiff, DARCY M. BLACK, repeats and realleges each and every allegation contained in paragraphs "1" through "59" as though fully set forth herein.

135. During the period of Plaintiff, DARCY M. BLACK's employment, Defendant, BLACK ANGUS MEATS, was subject to the provisions of the Equal Pay Act, 29 U.S.C. § 206 et. seq.

136. During Plaintiff, DARCY M. BLACK's employment, Defendant, BLACK ANGUS MEATS, required Plaintiff DARCY M. BLACK to perform the same or substantially the same work as other male employees including, but not limited to, Mark Leible, Jamie LaPress, Sean Round and Patrick Howells, requiring equal skill, effort and responsibility under similar working conditions at the same establishment and paid Plaintiff DARCY M. BLACK at a lower rate of pay than such male employees.

137. The differential rate of pay was not part of or occasioned by a seniority system, merit system, a system based on the quantity of quality of production or upon a factor other than sex.

138. Defendant, BLACK ANGUS MEATS, was engaged in a policies and practices of employment which discriminated against Plaintiff, DARCY M. BLACK,  on the basis of her sex by paying her a lesser rate of pay than that paid to male employees performing the same or substantially similar job duties which required equal skill, effort and responsibility, and under the same working conditions and the same establishment.

139. All of the above acts of Defendant, BLACK ANGUS MEATS, violate 29 U.S.C. § 206 et. seq.

140. Plaintiff, DARCY M. BLACK, has no plain, adequate or complete remedy at law to redress the wrongs herein alleged and this action for permanent injunction and other relief is her only means of securing adequate relief.  Plaintiff, DARCY M. BLACK, is now

suffering and will continue to suffer irreparable injury from these unlawful employment practices.

141.   As a direct and proximate result of Defendant, BLACK ANGUS MEATS', wrongful acts, conduct and omissions, including but not limited to those described above, Plaintiff, DARCY M. BLACK,  has been damaged in the amount of $2 million dollars.

142.   Plaintiff, DARCY M. BLACK, is entitled to reasonable costs and attorneys' fees.

143.   Pursuant to § 102(c) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(c), Plaintiff, DARCY M. BLACK, demands a jury trial as to all issues so triable.

## AS AND FOR A TENTH CAUSE OF ACTION

144.   Plaintiff, DARCY M. BLACK, repeats and realleges each and every allegation contained in paragraphs "1" through "59" as though fully set forth herein.

145.   By virtue of her employment by Defendant, BLACK ANGUS MEATS, Defendant, BLACK ANGUS MEATS, and Plaintiff, DARCY M. BLACK, maintained a contract for employment.

146.   Plaintiff, DARCY M. BLACK, is the parent of members of a racial minority.

147.   As a result of the actions, conduct, and omissions, including but not limited to those described above, of Defendants, their agents, servants, and/or employees, intended to discriminate against Plaintiff, DARCY M. BLACK, on the basis of race.

148.   Defendants' wrongful acts, conduct, and omissions were intentional and wanton and done with malice and/or a reckless indifference to Plaintiff, DARCY M. BLACK's rights and feelings in violation of 42 U.S.C. §1981.

149.   As a result of Defendants' actions, conduct, and omissions, including but not limited to those described above, Plaintiff, DARCY M. BLACK, incurred damages, including but not limited to, lost back wages, reinstatement to employment or lost future wages, employee benefits, lost employment opportunities, mental anguish, emotional distress, and embarrassment.  Plaintiff, DARCY M. BLACK, is thereby entitled to an award of compensatory, punitive, and/or exemplary damages.

150.   As a direct and proximate result of Defendants' wrongful acts, conduct, and omissions, including but not limited to those described above, Plaintiff, DARCY M. BLACK, has been damaged in the amount of $2 million.

151.   Pursuant to 42 U.S.C. §1988, Plaintiff, DARCY M. BLACK, is entitled to reasonable costs and attorneys' fees.

152.   Pursuant to § 102(c) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(c), Plaintiff, DARCY M. BLACK, demands a jury trial as to all issues so triable.

**WHEREFORE,** Plaintiff, DARCY M. BLACK, demands judgment against Defendants as follows:

1.   On the first cause of action, Plaintiff, DARCY M. BLACK, demands judgment against Defendant, BLACK ANGUS MEATS, in the amount of $2 million as actual damages for loss of revenue, including lost back wages, reinstatement to employment or lost future wages, mental anguish, embarrassment and emotional distress, and punitive damages, together with interest, costs, expenses and attorneys' fees, and such other and further relief as to this Court may seem just and proper.

2.   On the second cause of action, Plaintiff, DARCY M. BLACK, demands judgment against Defendants in the amount of $2 million as actual damages for loss of revenue,

including lost back wages, reinstatement to employment or lost future wages, mental anguish, embarrassment and emotional distress, and punitive damages, together with interest, costs, expenses, and such other and further relief as to this Court may seem just and proper.

    3.  On the third cause of action, Plaintiff, DARCY M. BLACK, demands judgment against Defendant, BLACK ANGUS MEATS, in the amount of $2 million as actual damages for loss of revenue, including lost back wages, reinstatement to employment or lost future wages, mental anguish, embarrassment and emotional distress, and punitive damages, together with interest, costs, expenses and attorneys' fees, and such other and further relief as to this Court may seem just and proper.

    4.  On the fourth cause of action, Plaintiff, DARCY M. BLACK, demands judgment against Defendants in the amount of $2 million as actual damages for loss of revenue, including lost back wages, reinstatement to employment or lost future wages, mental anguish, embarrassment and emotional distress, and punitive damages, together with interest, costs, expenses, and such other and further relief as to this Court may seem just and proper.

    5.  On the fifth cause of action, Plaintiff, DARCY M. BLACK, demands judgment against Defendant, BLACK ANGUS MEATS, in the amount of $2 million as actual damages for loss of revenue, including lost back wages, reinstatement to employment or lost future wages, mental anguish, embarrassment and emotional distress, and punitive damages, together with interest, costs, expenses and attorneys' fees, and such other and further relief as to this Court may seem just and proper.

    6.  On the sixth cause of action, Plaintiff, DARCY M. BLACK, demands judgment against Defendants in the amount of $2 million as actual damages for loss of revenue, including lost back wages, reinstatement to employment or lost future wages, mental anguish,

embarrassment and emotional distress, and punitive damages, together with interest, costs, expenses, and such other and further relief as to this Court may seem just and proper.

7.      On the seventh cause of action, Plaintiff, DARCY M. BLACK, demands judgment against Defendant, BLACK ANGUS MEATS, in the amount of $2 million as actual damages for loss of revenue, including lost back wages, reinstatement to employment or lost future wages, mental anguish, embarrassment and emotional distress, and punitive damages, together with interest, costs, expenses and attorneys' fees, and such other and further relief as to this Court may seem just and proper.

8.      On the eighth cause of action, Plaintiff, DARCY M. BLACK, demands judgment against Defendants in the amount of $2 million as actual damages for loss of revenue, including lost back wages, reinstatement to employment or lost future wages, mental anguish, embarrassment and emotional distress, and punitive damages, together with interest, costs, expenses, and such other and further relief as to this Court may seem just and proper.

9.      On the ninth cause of action, Plaintiff, DARCY M. BLACK, demands judgment against Defendant, BLACK ANGUS MEATS, in the amount of $2 million as actual damages for loss of revenue, including lost back wages, reinstatement to employment or lost future wages, and punitive damages, together with interest, costs, expenses and attorneys' fees, and such other and further relief as to this Court may seem just and proper.

10.      On the tenth cause of action, Plaintiff, DARCY M. BLACK, demands judgment against Defendants in the amount of $2 million as actual damages of loss of revenue, including lost back wages, reinstatement to employment or future lost wages, mental anguish, embarrassment and emotional distress and punitive damages, together with interest, costs,

expenses and attorneys' fees, and such other and further relief as to this Court may seem just and

proper.

Dated:          Buffalo, New York
                January 15, 2015
                                        ___s/ Josephine A. Greco_____
                                        Josephine A. Greco, Esq.
                                        GRECO TRAPP, PLLC
                                        Attorneys for Plaintiff
                                        1700 Rand Building, 14 Lafayette Square
                                        Buffalo, New York 14203
                                        Telephone Number:  (716) 856-5800
                                        E-mail Address:  jgreco@grecolawyers.com