**EX. 40**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DARCY M. BLACK,

                                        **Plaintiff,**          **DEFENDANTS' ANSWER TO**
    v.                                              **PLAINTIFF'S COMPLAINT**

**BUFFALO MEAT SERVICE, INC.,** doing     Civil Action No. 15-cv-00049
business as **BOULEVARD BLACK ANGUS,** also
known as **BLACK ANGUS MEATS,** also known
as **BLACK ANGUS MEATS & SEAFOOD,**
**ROBERT SEIBERT,**
**DIANE SEIBERT,**
**KEEGAN ROBERTS,**

                                   **Defendants.**
_____

       Defendants, BUFFALO MEAT SERVICE, INC., doing business as BOULEVARD BLACK ANGUS, also known as BLACK ANGUS MEATS, also known as BLACK ANGUS MEATS & SEAFOOD ("Black Angus"), ROBERT SEIBERT, DIANE SEIBERT, and KEEGAN ROBERTS, (collectively "Defendants") answer the Complaint, upon information and belief, and subject to additional investigation and discovery, as follows:

<u>**JURISDICTION AND PARTIES**</u>

       1.     The allegations of paragraph 1 of the Complaint are conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendants admit that Plaintiff purports to bring this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 *et seq.,* 29 U.S.C. § 201 *et seq.* and 42 U.S.C. § 1981, and purports to invoke the jurisdiction of this Court pursuant to 28 U.S.C. §§ 1331, 1337, and 1343(4), alleging that the matter in controversy arises under an act of Congress regulating commerce and relating to race discrimination and it exceeds the sum and value of $10,000. Defendants deny

1

any liability, deny violating any of the cited statutes and deny the remaining allegations in paragraph 1 of the Complaint.

2. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff resides in the Western District of New York. The remaining allegations in paragraph 2 are legal conclusions for which no response is required. To the extent a response is deemed necessary, Defendants admit that venue in the Western District of New York is proper based on the allegations in the Complaint, but Defendants deny liability and deny the remaining allegations in paragraph 2 of the Complaint.

**PARTIES**

3. Answering Paragraph 3 of the Complaint, Defendants admit that Plaintiff is Caucasian, a female and a citizen of the United States of America. Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 3.

4. The allegations of paragraph 4 of the Complaint are legal conclusions for which no response is required. To the extent a response is deemed necessary, Defendants admit that Plaintiff was employed by Black Angus.

5. Defendants admit the allegations in paragraph 5 of the Complaint.

6. Defendants deny all allegations in paragraph 6 of the Complaint.

7. The allegations of paragraph 7 of the Complaint are legal conclusions for which no response is required. To the extent a response is deemed necessary, Defendants admit that Plaintiff was employed by Black Angus. Defendants deny the remaining allegations in paragraph 7 of the Complaint.

8. The allegations of paragraph 8 of the Complaint are legal conclusions for which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 8 of the Complaint.

## STATEMENT OF FACTS

9. Answering paragraph 9 of the Complaint, Defendants admit that Plaintiff is a Caucasian female. Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 9 of the Complaint.

10. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint.

11. Defendants deny all allegations in paragraph 11 of the Complaint.

12. Answering paragraph 12 of the Complaint, Defendants admit that Plaintiff was a Black Angus hourly employee paid at the rate of $10.00 per hour. Defendants deny the remaining allegations in paragraph 12 of the Complaint.

13. Defendants deny all allegations in paragraph 13 of the Complaint.

14. Defendants deny all allegations in paragraph 14 of the Complaint.

15. Defendants deny all allegations in paragraph 15 of the Complaint.

16. Answering paragraph 16 of the Complaint, Defendants admit that Black Angus hired Mark Leible in or about 2009. Defendants deny the remaining allegations in paragraph 16 of the Complaint.

17. Answering paragraph 17 of the Complaint, Defendants admit Black Angus employed Jamie LaPress. Defendants deny the remaining allegations in paragraph 17 of the Complaint.

18. Answering paragraph 18 of the Complaint, Defendants admit Black Angus employed Sean Round. Defendants deny the remaining allegations in paragraph 18 of the Complaint.

19. Defendants deny all allegations in paragraph 19 of the Complaint.

20. Answering paragraph 20 of the Complaint, Defendants admit that Debbie Negrych has worked for Black Angus for more than 20 years. Defendants deny the remaining allegations in paragraph 20 of the Complaint.

21. Answering paragraph 21 of the Complaint, Defendants admit that Nicole Seibert is the daughter of Robert and Diane Seibert and began working at Black Angus in 2008. Defendants deny the remaining allegations in paragraph 21 of the Complaint.

22. Defendants deny all allegations in paragraph 22 of the Complaint.

23. Defendants deny all allegations in paragraph 23 of the Complaint.

24. Defendants deny all allegations in paragraph 24 of the Complaint.

25. Defendants deny all allegations in paragraph 25 of the Complaint.

26. Defendants deny all allegations in paragraph 26 of the Complaint.

27. Answering paragraph 27 of the Complaint, Defendants admit that Sean Round's work schedule was modified to alter his working hours to allow him to participate in a football league. Defendants deny all remaining allegations in paragraph 27 of the Complaint.

28. Defendants deny all allegations in paragraph 28 of the Complaint.

29. Answering paragraph 29 of the Complaint, Defendants admit that Black Angus employed Matt Marshall. Defendants deny the remaining allegations in paragraph 29 of the Complaint.

30. Answering paragraph 30 of the Complaint, Defendants admit that Black Angus hired Brett Meyer in or about 2010. Defendants deny the remaining allegations in paragraph 30 of the Complaint.

31. Defendants deny all allegations in paragraph 31 of the Complaint.

32. Defendants deny all allegations in paragraph 32 of the Complaint.

33. Defendants deny all allegations in paragraph 33 of the Complaint.

34. Answering paragraph 34 of the Complaint, Defendants admit knowing that Plaintiff's two children are Black. Defendants deny the remaining allegations in paragraph 34 of the Complaint.

35. Defendants deny the allegations in paragraph 35 of the Complaint.

36. Answering paragraph 36 of the Complaint, Defendants admit that Black Angus advertised for open positions by placing a "help wanted" sign in its window. Defendants deny the remaining allegations in paragraph 36 of the Complaint.

37. Defendants deny the allegations in paragraph 37 of the Complaint.

38. Defendants deny the allegations in paragraph 38 of the Complaint.

39. Answering paragraph 39 of the Complaint, Defendants admit that Black Angus employed Raeleen Rush and Regina Rush; that they each had boyfriends who were Black; that on one occasion, Plaintiff informed Mr. Roberts that a co-worker made a comment to Raeleen Rush to the effect that she could "do better" than her boyfriend; that Mr. Roberts immediately spoke to Raeleen Rush about that remark being inappropriate and immediately counseled the employee that he was forbidden to make such a statement. Defendants deny the remaining allegations in paragraph 39 of the Complaint.

40. Defendants deny all allegations in paragraph 40 of the Complaint.

5

41. Defendants deny all allegations in paragraph 41 of the Complaint.

42. Defendants deny all allegations in paragraph 42 of the Complaint

43. Defendants deny all allegations in paragraph 43 of the Complaint.

44. Defendants deny all allegations in paragraph 44 of the Complaint.

45. Defendants deny all allegations in paragraph 45 of the Complaint.

46. Answering paragraph 46 of the Complaint, Defendants admit that Plaintiff complained that Jamie LaPress made a comment about her children; that Defendants promptly and thoroughly investigated the matter, concluding that there was insufficient evidence to establish that the comment was made; and that, nonetheless, Mr. LaPress was counseled to ensure that his workplace behavior would meet expectations. Defendants deny the remaining allegations in paragraph 46 of the Complaint.

47. Defendants deny all allegations in paragraph 47 of the Complaint.

48. Defendants deny all allegations in paragraph 48 of the Complaint.

49. The allegations of paragraph 49 of the Complaint are legal conclusions for which no response is required. To the extent a response is deemed necessary, Defendants deny all allegations in paragraph 49 of the Complaint.

50. The allegations of paragraph 50 of the Complaint are legal conclusions for which no response is required. To the extent a response is deemed necessary, Defendants deny all allegations in paragraph 50 of the Complaint.

51. Defendants deny all allegations in paragraph 51 of the Complaint.

52. Defendants deny all allegations in paragraph 52 of the Complaint.

53. Defendants deny all allegations in paragraph 53 of the Complaint.

54. Defendants deny all allegations in paragraph 54 of the Complaint.

55. Defendants deny all allegations in paragraph 55 of the Complaint.

56. Defendants deny all allegations in paragraph 56 of the Complaint.

57. Defendants deny all allegations in paragraph 57 of the Complaint.

58. Defendants deny all allegations in paragraph 58 of the Complaint.

## CONDITIONS PRECEDENT TO ACTION

59. The allegations in the first clause paragraph 59 of the Complaint constitute a legal conclusion to which no response is required, but to the extent a response is deemed necessary Defendants deny them.

    a. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegation in subpart a to paragraph 59 of the Complaint that on or about June 18, 2010, Plaintiff filed a charge of discrimination with the EEOC. The remaining allegations of subpart a to paragraph 59 of the Complaint are conclusions of law to which no response is required, but to the extent a response is deemed necessary, Defendants deny them.

    b. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in subpart b to paragraph 59 of the Complaint.

    c. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in subpart c to paragraph 59 of the Complaint that the EEOC's October 18, 2010 notice relates to a June 18, 2010 charge or that Exhibit A is what Plaintiff alleges it to be.

    d. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in subpart d to paragraph 59 of the Complaint that the EEOC issued a Notice of Intent to Reconsider on or about January 13, 2011, or that Exhibit B is what Plaintiff alleges it to be.

  e. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in subpart e to paragraph 59 of the Complaint.

  f. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in subpart f to paragraph 59 of the Complaint.

  g. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in subpart g to paragraph 59 of the Complaint that on or about October 20, 2014, the EEOC issued a Determination, or that Exhibit C is what Plaintiff alleges it to be.

  h. Defendants deny knowledge or information sufficient to form a belief as to the truth or allegations in subpart h to paragraph 59 of the Complaint that on or about November 25, 2014, the EEOC issued a Notice of Right to Sue, or that Exhibit D is what Plaintiff alleges it to be.

  i. The allegations in subpart i to paragraph 59 of the Complaint constitute a conclusion of law to which no response is required, but to the extent a response is required, Defendants deny them.

## AS AND FOR A FIRST CAUSE OF ACTION

60. Defendants repeat their answers to paragraphs 1-59 of the Complaint in response to paragraph 60 as if fully set forth herein.

61. Defendants deny all allegations in paragraph 61 of the Complaint.

62. Defendants deny all allegations in paragraph 62 of the Complaint.

63. Defendants deny all allegations in paragraph 63 of the Complaint.

64. Defendants deny all allegations in paragraph 64 of the Complaint.

65. Defendants deny all allegations in paragraph 65 of the Complaint.

8

66. Defendants deny all allegations in paragraph 66 of the Complaint.

67. Defendants deny all allegations in paragraph 67 of the Complaint.

68. Defendants deny all allegations in paragraph 68 of the Complaint.

69. Defendants deny all allegations in paragraph 69 of the Complaint.

70. Defendants deny all allegations in paragraph 70 of the Complaint.

71. The allegations in paragraph 71 of the Complaint are conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 71 of the Complaint.

## AS AND FOR A SECOND CAUSE OF ACTION

72. Defendants repeat their answers to paragraphs 1-71 of the Complaint in response to paragraph 72 as if fully set forth herein.

73. Defendants admit that Plaintiff relies on 28 U.S.C. §1367 for jurisdiction, that if such statute is applicable, it alleges a basis for jurisdiction, and no answer is due, as the allegations in paragraph 73 of the Complaint constitute legal conclusions to which no response is required. To the extent that a response is deemed necessary, Defendants deny the allegations and deny liability.

74. Defendants deny all allegations in paragraph 74 of the Complaint.

75. Defendants deny all allegations in paragraph 75 of the Complaint.

76. Defendants deny all allegations in paragraph 76 of the Complaint.

77. Defendants deny all allegations in paragraph 77 of the Complaint.

78. Defendants deny all allegations in paragraph 78 of the Complaint.

79. Answering paragraph 79 of the Complaint, Defendants admit that Plaintiff demands a jury trial as to all issues so triable.

## AS AND FOR A THIRD CAUSE OF ACTION

80. Defendants repeat their answers to paragraphs 1-79 of the Complaint in response to paragraph 80 as if fully set forth herein.

81. Defendants deny all allegations in paragraph 81 of the Complaint.

82. Defendants deny all allegations in paragraph 82 of the Complaint.

83. Defendants deny all allegations in paragraph 83 of the Complaint.

84. Defendants deny all allegations in paragraph 84 of the Complaint.

85. Defendants deny all allegations in paragraph 85 of the Complaint.

86. Defendants deny all allegations in paragraph 86 of the Complaint.

87. Defendants deny all allegations in paragraph 87 of the Complaint.

88. Defendants deny all allegations in paragraph 88 of the Complaint.

89. The allegations in paragraph 89 of the Complaint are conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 89 of the Complaint.

## AS AND FOR A FOURTH CAUSE OF ACTION

90. Defendants repeat their answers to paragraphs 1-89 of the Complaint in response to paragraph 90 as if fully set forth herein.

91. Defendants admit that Plaintiff relies on 28 U.S.C. §1367 for jurisdiction, that if such statute is applicable, it alleges a basis for jurisdiction, and no answer is due, as the allegations in paragraph 91 of the Complaint constitute legal conclusions to which no response is required. To the extent that a response is deemed necessary, Defendants deny the allegations and deny liability.

92. Defendants deny all allegations in paragraph 92 of the Complaint.

93. Defendants deny all allegations in paragraph 93 of the Complaint.

94. Defendants deny all allegations in paragraph 94 of the Complaint.

95. Defendants deny all allegations in paragraph 95 of the Complaint.

96. Answering paragraph 96 of the Complaint, Defendants admit that Plaintiff demands a jury trial as to all issues so triable.

## AS AND FOR A FIFTH CAUSE OF ACTION

97. Defendants repeat their answers to paragraphs 1-96 of the Complaint in response to paragraph 97 as if fully set forth herein.

98. Defendants deny all allegations in paragraph 98 of the Complaint.

99. Defendants deny all allegations of paragraph 99 of the Complaint.

100. Defendants deny all allegations in paragraph 100 of the Complaint.

101. Defendants deny all allegations in paragraph 101 of the Complaint.

102. Defendants deny all allegations in paragraph 102 of the Complaint.

103. Defendants deny all allegations in paragraph 103 of the Complaint.

104. Defendants deny all allegations in paragraph 104 of the Complaint.

105. Defendants deny all allegations in paragraph 105 of the Complaint.

106. Defendants deny all allegations in paragraph 106 of the Complaint.

107. Defendants deny all allegations in paragraph 107 of the Complaint.

108. The allegations in paragraph 108 of the Complaint are conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 108 of the Complaint.

## AS AND FOR A SIXTH CAUSE OF ACTION

109. Defendants repeat their answers to paragraphs 1-108 of the Complaint in response to paragraph 109 as if fully set forth herein.

110. Defendants admit that Plaintiff relies on 28 U.S.C. §1367 for jurisdiction, that if such statute is applicable, it alleges a basis for jurisdiction, and no answer is due, as the allegations in paragraph 110 of the Complaint constitute legal conclusions to which no response is required. To the extent that a response is deemed necessary, Defendants deny the allegations and deny liability.

111. Defendants deny all allegations in paragraph 111 of the Complaint.

112. Defendants deny all allegations in paragraph 112 of the Complaint.

113. Defendants deny all allegations in paragraph 113 of the Complaint.

114. Defendants deny all allegations in paragraph 114 of the Complaint.

115. Defendants deny all allegations in paragraph 115 of the Complaint.

116. Answering paragraph 116 of the Complaint, Defendants admit that Plaintiff demands a jury trial as to all issues so triable.

## AS AND FOR A SEVENTH CAUSE OF ACTION

117. Defendants repeat their answers to paragraphs 1-116 of the Complaint in response to paragraph 117 as if fully set forth herein.

118. Defendants deny all allegations in paragraph 118 of the Complaint.

119. Defendants deny all allegations in paragraph 119 of the Complaint.

120. Defendants deny all allegations in paragraph 120 of the Complaint.

121. Defendants deny all allegations in paragraph 121 of the Complaint.

122. Defendants deny all allegations in paragraph 122 of the Complaint.

123. Defendants deny all allegations in paragraph 123 of the Complaint.

124. Defendants deny all allegations in paragraph 124 of the Complaint.

125. Defendants deny all allegations in paragraph 125 of the Complaint.

126. The allegations in paragraph 126 of the Complaint are conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendants deny the remaining allegations in paragraph 126 of the Complaint.

## AS AND FOR AN EIGHTH CAUSE OF ACTION

127. Defendants repeat their answers to paragraphs 1-126 of the Complaint in response to paragraph 127 as if fully set forth herein.

128. Defendants admit that Plaintiff relies on 28 U.S.C. §1367 for jurisdiction, that if such statute is applicable, it alleges a basis for jurisdiction, and no answer is due, as the allegations in paragraph 128 of the Complaint constitute legal conclusions to which no response is required. To the extent that a response is deemed necessary, Defendants deny the allegations and deny liability.

129. Defendants deny all allegations in paragraph 129 of the Complaint.

130. Defendants deny all allegations in paragraph 130 of the Complaint.

131. Defendants deny all allegations in paragraph 131 of the Complaint.

132. Defendants deny all allegations in paragraph 132 of the Complaint.

133. Answering paragraph 133 of the Complaint, Defendants admit that Plaintiff demands a jury trial as to all issues so triable.

## AS AND FOR A NINTH CAUSE OF ACTION

134. Defendants repeat their answers to paragraphs 1-133 of the Complaint in response to paragraph 134 as if fully set forth herein.

135. The allegations in paragraph 135 are conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 135 of the Complaint.

136. Defendants deny all allegations in paragraph 136 of the Complaint.

137. Defendants deny all allegations in paragraph 137 of the Complaint.

138. Defendants deny all allegations in paragraph 138 of the Complaint.

139. Defendants deny all allegations in paragraph 139 of the Complaint.

140. Defendants deny all allegations in paragraph 140 of the Complaint.

141. Defendants deny all allegations in paragraph 141 of the Complaint.

142. Defendants deny all allegations in paragraph 142 of the Complaint.

143. The allegations in paragraph 143 of the Complaint are conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 143 of the Complaint.

## AS AND FOR A TENTH CAUSE OF ACTION

144. Defendants repeat their answers to paragraphs 1-143 of the Complaint in response to paragraph 144 as if fully set forth herein.

145. The allegations in paragraph 145 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny all allegations in paragraph 145 of the Complaint.

146. Defendants admit the allegations in paragraph 146 of the Complaint.

147. Defendants deny all allegations in paragraph 147 of the Complaint.

148. Defendants deny all allegations in paragraph 148 of the Complaint.

149. Defendants deny all allegations in paragraph 149 of the Complaint.

150. Defendants deny all allegations in paragraph 150 of the Complaint.

151. Defendants deny all allegations in paragraph 151 of the Complaint.

152. The allegations in paragraph 152 of the Complaint are conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendants deny the remaining allegations in paragraph 152 of the Complaint.

153. Defendants deny all allegations of the Complaint not expressly referred to above.

## AFFIRMATIVE DEFENSES

154. The Complaint fails to state a claim upon which relief may be granted.

155. Plaintiff's First Cause of Action for racial discrimination under Title VII fails to state a claim upon which relief can be granted.

156. Plaintiff's Second Cause of Action for racial discrimination under the New York Human Rights Law fails to state a claim upon which relief can be granted.

157. Plaintiff's Third Cause of Action for a racially hostile work environment under Title VII fails to state a claim upon which relief can be granted.

158. Plaintiff's Fourth Cause of Action for a racially hostile work environment under the New York Human Rights Law fails to state a claim upon which relief can be granted.

159. Plaintiff's Fifth Cause of Action for sex discrimination under Title VII fails to state a claim upon which relief can be granted.

160. Plaintiff's Sixth Cause of Action for sex discrimination under the New York Human Rights Law fails to state a claim upon which relief can be granted.

161. Plaintiff's Seventh Cause of Action for a sexually hostile work environment under Title VII fails to state a claim upon which relief can be granted.

15

162. Plaintiff's Eighth Cause of Action for a sexually hostile work environment under the New York Human Rights Law fails to state a claim upon which relief can be granted.

163. Plaintiff's Ninth Cause of Action under the Equal Pay Act fails to state a claim upon which relief can be granted.

164. Plaintiff's Tenth Cause of Action for racial discrimination under 42 U.S.C. § 1981 fails to state a claim upon which relief can be granted.

165. Plaintiff fails to state a claim for which equitable relief, punitive damages, costs, or attorneys' fees are recoverable or could be awarded.

166. Plaintiff's claims are barred because Plaintiff did not satisfy and/or exhaust applicable contract procedures, administrative procedures, conditions precedent, and statutory prerequisites, and/or the same were not satisfied in a timely manner.

167. Plaintiff's claims are barred to the extent that they exceed the scope of the charge of discrimination that Plaintiff may have filed.

168. All actions taken by Defendants were taken in good faith for legitimate, lawful, and non-discriminatory/non-retaliatory reasons.

169. Black Angus has effective policies and procedures that prohibit harassment, discrimination, and retaliation.

170. Black Angus had an effective internal complaint procedure for reporting incidents of harassment, discrimination, retaliation.

171. Plaintiff unreasonably failed to take advantage of the internal complaint procedure to allow Black Angus to address any and all allegations.

172. Black Angus properly and promptly investigated all of Plaintiff's allegations and found them to be without merit and/or addressed them properly and to her satisfaction.

173. Some of Plaintiff's allegations were never brought to the attention of Defendants and Defendants did not know of them, nor should they have known of them.

174. Any remarks alleged by Plaintiff were "stray remarks" which were and are insufficient to create a hostile work environment.

175. Defendants did not acquiesce in the alleged harassing or discriminatory conduct or subsequently condone it and, therefore, cannot be liable for such alleged conduct.

176. Plaintiff's claims are barred, either in whole or in part, by the applicable statutes of limitation.

177. Plaintiff cannot prove constructive discharge because the incidents alleged were not so intolerable, difficult, unpleasant, or unexpected, that a reasonable person in Plaintiff's position would have felt compelled to resign.

178. Plaintiff suffered no materially adverse employment action.

179. Plaintiff's claims are barred, in whole or in part, because of her failure to mitigate her damages.

180. Plaintiff's claims are barred by the doctrines of waiver, laches and/or estoppel.

181. Plaintiff's claims against the individual defendants are barred, in whole or in part, because they can have no individual liability under the facts alleged and/or under the statutes relied upon.

182. Plaintiff's damages claims are barred by the after-acquired evidence doctrine.

## **RESERVATION OF RIGHTS**

Defendants assert the foregoing affirmative defenses to provide notice to Plaintiff of the defenses they intend to raise, and they do not assume the burden of proof as to such matters as to which Plaintiff bears the burden of proof.

Defendants have insufficient knowledge or information upon which to form a belief as to whether they may have additional, as yet unstated, affirmative defenses available and, therefore, Defendants reserve the right upon completion of discovery and investigation and otherwise to assert such additional affirmative defenses as may be appropriate.

## REQUEST FOR RELIEF

**WHEREFORE**, Defendants request a judgment dismissing the Complaint, with prejudice, together with interest and costs of defense, and such other and further relief as this Court deems just and proper.

Dated: Buffalo, New York
April 17, 2015

*s/ Abigail D. Flynn-Kozara*
Randolph C. Oppenheimer, Esq.
Abigail D. Flynn-Kozara, Esq.
*Attorneys for Defendants*

**DAMON MOREY LLP**
The Avant Building - Suite 1200
200 Delaware Avenue
Buffalo, New York 14202-2150
Telephone: (716) 856-5500
Facsimile: (716) 856-5510
roppenheimer@damonmorey.com
akozara@damonmorey.com

18

## CERTIFICATE AND AFFIRMATION OF SERVICE

I, Abigail D. Flynn-Kozara, Esq., hereby certify and affirm that on April 17, 2015, I electronically filed the foregoing Answer with the Clerk of the United States District Court for the Western District of New York using its CM/ECF system, which would then electronically notify the following CM/ECF participants in this case:

Josephine A. Greco, Esq.
jgreco@grecolawyers.com


s/Abigail D. Flynn-Kozara
Abigail D. Flynn-Kozara

Doc #2017158.1