UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DARCY M. BLACK,

                      Plaintiff,

v.                                  **DECISION AND ORDER**

                                              15-CV-49S

BUFFALO MEAT SERVICE, INC. d/b/a
BOULEVARD BLACK ANGUS a/k/a BLACK
ANGUS MEATS a/k/a BLACK ANGUS MEATS
& SEAFOOD,

                      Defendants.

## I.      Introduction

This is an employment discrimination action based upon sex and race. Defendants have moved for summary judgment (Docket No. 106). During the briefing of that motion, Plaintiff submitted her attorney's Declaration (Docket No. 112) in opposition to that motion.

Before this Court is Defendants' Motion to Strike this Declaration (Docket No. 114). Defendants object to the admissibility of assertions made in that Declaration. This Court separately will consider the Motion for Summary Judgment.

For the reasons stated herein, Defendants' Motion to Strike (Docket No. 114) is denied. Given the full briefing of the underlying, pending Motion for Summary Judgment, this Court deems that motion fully submitted.

## II.     Background

   A.  Facts and Pleadings

In this case, Plaintiff Darcy Black alleges sex and race discrimination from a hostile work environment.  Plaintiff, a Caucasian female, claims she was discriminated against by Defendants under several federal and New York State civil rights and employment discrimination laws (Title VII, the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq.; the Equal Pay Act, 29 U.S.C. §§ 206, et seq.; 42 U.S.C. § 1981; and the New York State Human Rights Law, N.Y. Exec. L. §§ 396, et seq.), contending that Defendant Black Angus Meats and Seaford created a hostile work environment and had constructively discharged her (Docket No. 1, Compl.).

As Plaintiff later summarized in one of her motions to compel, "the gravamen of Ms. Black's lawsuit is that Defendants created and permitted a hostile work environment on the basis of race and sex, discriminated against her with respect to wages on the basis of sex, and constructively discharged her" (Docket No. 69, Pl. Atty Decl. ¶ 3).  She claims that male coworkers were paid more than she was and were allowed more breaks than she was.  She also alleges that her coworkers made sexual and racial comments; that the shop rejected African American applicants; and a coworker allegedly made comments regarding her biracial children, all creating a hostile work environment (see Docket No. 1, Compl.; see also Black v. Buffalo Meat, No. 15CV49, 2016 WL 6962444, at *1 (W.D.N.Y. Nov. 29, 2016) (Scott, Mag. J.) (Docket No. 32)).

Defendants ran Black Angus Meats and Seafood at Amherst, New York (Docket No. 1, Compl. ¶¶ 5-6).  They answered (Docket No. 8).

This case was referred to Magistrate Judge Hugh Scott (Docket No. 9) and he entered the initial Scheduling Order (Docket No. 13) and later amended and extended that schedule (Docket Nos. 22, 27, 33, 40, 47, 66, 85, 89, 105). After extensive and sometimes acrimonious discovery and related motion practice (see Docket Nos. 23, 27, 28, 32, 34, 36, 40, 47 (Defendants' motion to reconsider), 48, 55, 61, 62, 67, 69, 84, 87, 93, 96; see also Docket Nos. 50, 54 (Plaintiff's motion for attorney's fees)), Defendants moved for summary judgment (Docket No. 109). Part of Plaintiff's opposition papers to that motion is a Declaration from her counsel (Docket No. 112). That Declaration repeats and summarizes facts asserted in other opposing papers (cf. Docket No. 109, Pl. Counterstatement of Material Fact; see also Docket Nos. 109-11, Plaintiff's exhibits, Docket No. 109, Pl. App'x to Counterstatement) and legal arguments asserted in her Memorandum of Law (Docket No. 112).

    B. Motion to Strike (Docket No. 114)

Defendants filed the pending motion[1] to strike (Docket No. 114) the Declaration of Plaintiff's counsel. Responses to this motion was on October 18, 2019, and replies by October 25, 2019 (Docket No. 115). The motion then was deemed submitted without oral argument.

---

[1] Defendants submit their attorneys' Declaration and Memorandum of Law, Docket No. 114; and their attorneys' Reply Declaration and Reply Memorandum of Law, Docket No. 118, in support of their motion. In opposition, Plaintiff submitted her attorney's Reply Affirmation, Docket No. 117, and opposing Memorandum, Docket No. 116.

### III.     Discussion

A. Applicable Standards—Motion to Strike

As this Court observed in Coolidge v. United States, No. 10CV363, 2015 WL 5714237, at *2-3 (W.D.N.Y. Sept. 29, 2015) (Skretny, J.) (Docket No. 43) in denying the Government's motion to strike the plaintiff's attorney's declaration,

> "An affidavit or declaration used to support or oppose a motion for summary judgment 'must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.' Fed. R. Civ. P. 56(c)(4). Declarations, however, 'often do not rest entirely on personal knowledge, and it is expected that some advocacy will appear' as it is expected that the declaration will be used for the purpose of introducing documents or other evidence into the record. Degelman Indus. Ltd. v. Pro–Tech Welding and Fabrication, Inc., No. 06–CV–6346T, 2011 WL 6752565, at *4 (W.D.N.Y. Dec.23, 2011).
>
> "'The principles governing admissibility of evidence do not change on a motion for summary judgment,' and 'only admissible evidence' may be considered by the district court. Raskin v. Wyatt Co., 125 F.3d 55, 66 (2d Cir. 1997); see also Presbyterian Church of Sudan v. Talisman Energy, Inc., 582 F.3d 244, 264 (2d Cir. 2009). 'Because the purpose of summary judgment is to weed out cases in which there is no genuine issue as to any material fact ... it is appropriate for districts courts to decide questions regarding the admissibility of evidence on summary judgment.' Id. (internal quotations and citations omitted). Courts may consider any material usable or admissible at trial when considering a summary judgment motion. Lyons v. Lancer Ins. Co., 681 F.3d 50, 57 (2d Cir. 2012); see Raskin, 125 F.3d at 65 (noting that a district court 'has broad discretion in choosing whether to admit evidence' on a motion for summary judgment.)  Indeed, the purpose of summary judgment is to allow courts to 'pierc[e] the pleadings' and access admissible evidence to 'determine whether there are genuine issues to be tried.' Lemelson v. Carolina Enters. Inc., 541 F. Supp. 645, 648 (S.D.N.Y.1982)."

Rather than strike an offending declaration or attorney's affirmation, "courts considering a motion for summary judgment are free to disregard the improper portions, independently review the record, and consider only that which is admissible," id. at *3 (citations omitted).  A court may strike under Rule 56(e) "portions of an affidavit that are

4

not based upon the affiant's personal knowledge, contain inadmissible hearsay or make generalized and conclusory statements," Hollander v. American Cyanamid, 172 F.3d 192, 198 (2d Cir. 1999), abrogated on other grounds, Schnabel v. Abramson, 232 F.3d 83, 89 (2d Cir. 2000) (prima facie case standard abrogated).

    B. Contentions

In the Motion to Strike (Docket No. 114), Defendants objected to Plaintiff's Attorney's Declaration (Docket No. 112). There, Defendants argue that the Attorney's Declaration contains inadmissible evidence (hearsay, unauthenticated evidence) and legal arguments inappropriately raised in a declaration or an affidavit (violating this Court's Local Civil Rule 7(a)(3)) (Docket No. 114, Defs. Memo. at 5-6). They contend that Plaintiff's attorney submitted the Declaration but lacked personal knowledge of the factual assertions made therein (id. at 6).

Plaintiff responds that the attorney's Declaration merely repeats facts and legal positions asserted in other opposing papers Plaintiff submitted (Docket No. 116, Pl. Memo. at 2). The one fact stated in the Declaration that is not a reiteration is counsel's statement as to the status of certain discovery; Plaintiff's attorney contends that she has personal knowledge of the status and conduct of discovery (id. at 3). Given the heavy burden to establish a motion to strike and that such motions are disfavored, Akpoke v. City of N.Y., No. 15-CV-6960, 2019 WL 46930342, at *2 (E.D.N.Y. Feb. 6, 2019), Plaintiff concludes that this motion should be denied (id. at 3). As for the advocacy contained in the Declaration, Plaintiff argues that latitude has been extended to attorney affidavits where some advocacy is to be expected (id. at 3, citing Coolidge, supra, 2015 WL 5714237, at *3). Plaintiff also argues that Defendants have not asserted any prejudice

by that Declaration (id. at 4). Finally, striking the entire Declaration is unwarranted when offending sections can be excised (see id. at 5).

Defendants reply that Plaintiff's counsel admitted that only one fact stated in her Declaration was based upon facts in her knowledge (Docket No. 118, Defs. Atty. Reply Decl. ¶ 3). They also point out that the Declaration did not contain citations to the record (id. ¶ 4), despite repeating assertions made in other opposition papers (id.). Defendants also argue that the attorney's Declaration is an end run from the page limitations for legal memorandum under the Local Rules (Docket No. 118, Defs. Reply Memo. at 5-6).

    C. Whether to Strike Plaintiff's Attorney's Declaration

As this Court observed in Coolidge, supra, 2015 WL 5714237, at *3, the Declaration presented here "is not so riddled with inadmissible material that this Court cannot simply disregard any improper statements or unsupported portions." This Declaration contains only 38 paragraphs and does repeat, with advocacy, the factual and legal arguments made elsewhere in her opposition papers (Docket Nos. 109, 112). While Defendants object to the procedural footing of the Declaration, they generally do not dispute the facts asserted therein. Defendants only dispute facts stated where disputed in other opposition papers (where Defendants oppose Plaintiff's Counterstatement). Defendants therefore are not prejudiced by this Declaration.

The only factual dispute raised in this Motion to Strike is Plaintiff's objection to the completeness of discovery made in this case (compare Docket No. 118, Defs. Reply Memo. at 2 & n.1 with Docket No. 112, Pl. Atty. Decl. ¶ 4 and Docket No. 116, Pl. Atty. (Responding) Decl. ¶ 3). First, Plaintiff's counsel is correct that, as counsel of record, she is capable of declaring the status of proceedings and discovery in this case based upon

counsel's personal knowledge (Docket No. 116, Pl. Atty. Decl. ¶ 3).  Second, since neither side raises the need for further discovery as grounds for denial of summary judgment, the parties dispute as to the extent of discovery materials produced will be put to one side and is not a ground for striking either the entire Declaration or Paragraph 4.

Defendants argue that if the legal arguments from the offending Declaration are added to Plaintiff's opposing Memorandum of Law, Plaintiff's total legal argument exceeds the page limits for legal memoranda under Local Civil Rule 7(a)(2)(C) (Docket No. 118, Defs. Reply Memo. at 5-6).  Defendants, however, do not state whether Plaintiff raises additional legal arguments in the Declaration beyond what is argued in the opposition Memorandum.  Plaintiff's Memorandum (Docket No. 112) is 25 pages (excluding the cover page), while the Declaration (Docket No. 112) is 20 total pages, the last 12 of which arguably could be considered legal argument.  Again, the Declaration merely repeats legal arguments fleshed out in her Memorandum.  This Court is exercising its discretion and will disregard the repeated legal arguments contained in the Declaration and consider the arguments as raised in Plaintiff's Memorandum of Law.

If anything, counsel's Declaration is cumulative of allegations and assertions in her other papers and could be disregarded on that basis.  Save the repetition of legal arguments as just discussed, this Court declines to strike (in part or entirely) Plaintiff Attorney's Declaration (Docket No. 112) or deem that paper to be inappropriate.

Striking a paper is a harsh remedy and is disfavored, Akpoke, supra, 2019 WL 46930342, at *2.  That action has consequences beyond not considering the stricken paper in a pending motion.  If stricken, that paper also would be removed from any

appellate record, depriving Plaintiff of whatever factual or legal arguments contained therein and depriving the Second Circuit of a complete record.

Given the discretion this Court has in deciding whether (or to what extent) to strike an offending paper, see Degelman Indus. v. Pro-Tech Welding & Fabrication, Inc., No. 06CV6349, 2011 U.S. Dist. LEXIS 155984, at *6 (W.D.N.Y. May 31, 2011) (Berenato, Special Master) (cf. Docket No. 118, Defs. Reply Memo. at 2-3), Defendants' Motion to Strike (Docket No. 114) is denied.

## IV.     Conclusion

Defendants' Motion to Strike the Declaration of Plaintiff's Attorney (Docket No. 114) is denied.  Following disposition of the Motion to Strike, the only remaining matter is Defendants' pending Motion for Summary Judgment (Docket No. 106) which is otherwise fully briefed and deemed submitted.

## V.     Orders

IT HEREBY IS ORDERED, that Defendants' Motion to Strike (Docket No. 114) is DENIED.

SO ORDERED.


Dated:     February 26, 2021
           Buffalo, New York


                                        s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        United States District Judge