UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DARCY M. BLACK,

                        Plaintiff,

v.                                            **DECISION AND ORDER**

                                                          15-CV-49S

BUFFALO MEAT SERVICE, INC. d/b/a
BOULEVARD BLACK ANGUS a/k/a BLACK
ANGUS MEATS a/k/a BLACK ANGUS MEATS
& SEAFOOD, et al.,

                        Defendants.

---

## I.        Introduction

This is an employment discrimination action in which this Court granted Defendants' Motion (Docket No. 106) for Summary Judgment dismissing the case (Docket No. 123, 2021 WL 2043006, familiarity with this Decision and Order is presumed). Now before this Court is Defendants' Bill of Costs (Docket No. 125) seeking to tax $10,844.70 for transcription of depositions. Plaintiff filed a Memorandum in opposition to the Bill of Costs (Docket No. 128) and Defendants replied (Docket No. 130).

For the reasons stated herein, Defendants' Bill of Costs (Docket No. 125) is granted. With the disposition of Defendants' Motion for Summary Judgment (Docket Nos. 106, 123), they are prevailing parties. Their costs are substantiated and reasonable and this Court allows recovery of the entire $10,844.70 claimed.

## II.     Background

A. Facts and Defendants' Motion for Summary Judgment

In this case, Plaintiff Darcy Black alleged sex and race discrimination from a hostile work environment arising from statements made to her, to other female or minority employees, and to (or about) minority customers. Plaintiff claimed discrimination by Defendants Buffalo Meat Service and named management employees (Robert Seibert, Diane Seibert, and Keegan Roberts) under several federal and New York State civil rights and employment discrimination laws (Title VII, the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17; the Equal Pay Act, 29 U.S.C. § 206(d); 42 U.S.C. § 1981; and the New York State Human Rights Law, N.Y. Exec. L. §§ 290-301, 296). Plaintiff alleged parallel causes of action under federal (Docket No. 1, Compl. ¶¶ 61-71, 81-89, 98-108, 118-26) and state law (id. ¶¶ 73-79, 91-96, 110-16, 128-33).

Defendants moved for summary judgment (Docket No. 106) and this Court granted that Motion declining to exercise supplemental jurisdiction over Plaintiff's parallel New York State Human Rights Law claims and dismissed them without prejudice. Black v. Buffalo Meat Serv., Inc., No. 15CV49, 2021 WL 2043006, at *30, 31 (W.D.N.Y. May 21, 2021) (Skretny, J.) (Docket No. 123).

Following entry of judgment (Docket No. 124), Defendants filed the pending Bill of Costs (Docket No. 125). Days later Plaintiff filed her Notice of Appeal (Docket No. 126; see Black v. Buffalo Meat Serv., No. 21-1468 (2d Cir.)). Following Plaintiff's objections (Docket No. 128) and Defendants' response (Docket No. 130), the Court Clerk deferred action on the Bill of Costs to this Court. Upon this briefing, the Bill of Costs is deemed submitted without oral argument.

### III. Discussion

#### A. Applicable Standards—Bill of Costs

Federal Rule of Civil Procedure 54(d) provides that "costs—other than attorneys' fees—should be allowed to the prevailing party," see Lopez v. Webster Cent. Sch. Dist., No. 05CV6473, 2010 WL 11688583 at *1 (W.D.N.Y. July 16, 2010) (Siragusa, J.). This Court retains discretion to determine which costs to allow, id. The party seeking to recover costs bears the burden of adequately documenting and itemizing the costs requested, Anello v. Anderson, 191 F. Supp. 3d 262, 285 (W.D.N.Y. 2016) (Skretny, J.). A party is not entitled to recover costs when its application fails to substantiate the costs claimed, see Mendez v. Radec Corp., 907 F. Supp. 2d 353, 360 (W.D.N.Y. 2012) (Telesca, J.). Under this Court's Local Civil Rule 54(f) and its Guidelines for Bills of Costs, unless ordered either by this Court or by the Court of Appeals filing an appeal does not stay the taxation of costs, W.D.N.Y. Loc. Civ. R. 54(f); W.D.N.Y. Guidelines for Bills of Costs (hereinafter "WDNY Guidelines") Part I.F.2.

#### B. Contentions

Defendants claim $10,844.70 in printed deposition transcripts as a cost, submitting invoices for thirteen depositions (Docket No. 125).

Plaintiff objects on four grounds (Docket No. 128, Pl. Memo.). First, she argues Defendants are not prevailing parties because this Court merely dismissed her state causes of action without prejudice (Docket No. 128, Pl. Memo. at 1).

Second, the deposition transcript costs claimed here were for both federal and state claims. Plaintiff contends that Defendants only could recover costs under 28 U.S.C. § 1920(2) for transcripts "necessarily obtained for use in the case." (Id. at 1-2.) Plaintiff,

3

however, does not argue for reducing costs by those required for dismissal of the federal claims.  She argues that if Defendants are awarded these costs in federal court and then prevail in state court, Plaintiff might face double costs unnecessarily (id. at 2, citing Singer v. Harris, No. 15-CV-00408, 2017 WL 5054278, at *1 (E.D. Ark. Apr. 14, 2017)).

Third, Plaintiff argues the Bill of Costs was premature given her pending appeal (id.).

Finally, Plaintiff objects to the sufficiency of Defendants' documentation of the deposition expenses for depositions by not stating the number of pages transcribed or the per page rate as required by this Court's Bill of Costs Guidelines (id.).

Defendants' reply acknowledged that the original invoices submitted with the Bill of Costs lacked itemization of pages transcribed and per page costs (Docket No. 130, Defs. Atty. Decl. ¶ 5; id., Defs. Reply Memo. at 3).  Upon their request, one court reporter submitted to Defendants twelve amended invoices complete with per page rates and the number of pages transcribed (Docket No. 130, Defs. Atty. Decl. ¶¶ 6-7, Ex. A).  Sue Ann Simonin Court Reporting supplemented its invoices charging between $3.05 and $3.35 per page for the twelve depositions it transcribed (id. Ex. A)

Meanwhile, the thirteenth invoice in the original Bill of Costs from another court reporter, Michelle McLaughlin, stated the per page rate (id. ¶ 8, charging $3.65 per page for transcribing the July 13, 2018, deposition (Docket No 125, Bill of Costs, Ex.).  With these supplemented invoices, Defendants conclude that the amounts charged were reasonable and substantiated and thus should be taxed (Docket No. 130, Defs. Reply Memo. at 3-4).

Defendants next assert that they were the prevailing parties because they succeeded on much of the resolved claims (Docket No. 130, Defs. Reply Memo. at 1), even if certain state law claims were dismissed without prejudice (id. at 2, citing Lopez, supra, 2010 WL 11688583 at *1).

Next, Defendants assert that this Court's Local Civil Rule 54(f) provides that the filing of an appeal does not stay the taxation of costs (id. at 4).

C.  Whether Defendants Are Prevailing Parties

First, only prevailing parties may recover costs, Fed. R. Civ. P. 54(d)(1).  Plaintiff relies upon Singer v. Harris, 2017 WL 5054278, for the proposition that a remanded claim to state court precludes the finding that a defendant was a prevailing party (Docket No. 125, Pl. Memo. at 2).  The United States District Court for the Eastern District of Arkansas in Singer, however, held that David Singer's assertion that defendant Dennis Milligan was not a prevailing party was incorrect because a federal judgment was entered for Milligan thus Milligan was the prevailing party for Rule 54(d) purposes, 2017 WL 5054278 at *1.  This is despite the federal court remanding a state claim to state court, id.

This Court agrees with Singer and Judge Siragusa in Lopez that the dismissal of federal claims here makes these Defendants prevailing parties for taxation of costs purposes, id.; Lopez, supra, 2010 WL 11688583, at *1.  Defendants prevail for taxation purposes despite dismissal without prejudice of Plaintiff's state law claims because the federal Complaint was dismissed in its entirety, Singer, supra, 2017 WL 5054278, at *1; Lopez, supra, 2010 WL 11688583, at *1; Bond v. Sterling, Inc., No. 97-CV-1607, 2000 WL

5

152031, at *1 (N.D.N.Y. Feb. 7, 2000).  Thus, Plaintiff's objection on this ground is rejected.

>    D.  Avoiding Double Recovery of Costs

This Court has discretion in setting the appropriate amount of costs to be taxed, see Lopez, supra 2010 WL 1168583, at *1.  Plaintiff next raises the specter of paying twice for the deposition transcriptions as costs in this Court and later in state court (Docket No. 128, Pl. Memo. at 2).  Plaintiff argues that the depositions would be used in a state action as well as their use in this federal case.  If Defendants were to prevail again, Plaintiff fears Defendants may seek to tax the costs of these transcriptions as disbursements.  (Id.)

The court in Singer reduced the costs awarded to defendant Milligan by eliminating the transcription costs to avoid unnecessary double costs if Singer lost in state court, Singer, supra, 2017 WL 5054278 at *1.  In that case (but unlike Black here), Singer had a pending state court action while Milligan's Bill of Costs was pending, id.

In Black's pending case, however, there is no pending New York State action in which the depositions taken here could be reused.  Several conditions not currently met would be needed before Plaintiff would face duplicate liability for transcript costs.  First, this Court would have to tax the full transcription cost.  Then Plaintiff would need to sue in New York State court, but later lose.  Then Defendants would have attempted to recoup (again) the transcription costs as a disbursement, see N.Y. CPLR 8301(a)(9) ($250 disbursement for transcription).  None of these conditions presently exist to have Plaintiff now face a duplication of costs.

New York civil procedure also limits the amount a prevailing party may recover for deposition costs as a disbursement, id., CPLR 8301(a)(9), 8303(a)(2) (allowance in a "difficult or extraordinary case" of 5% of sum recovered not exceeding $3,000). Defendants seek over $10,800 for transcripts to date; if fully claimed, this is an amount exceeding New York State's limits if Defendants sought another recovery as a New York State court disbursement.

While the federal and state claims in this case were alleged in parallel and the depositions covered both categories of claims, any duplication of costs argument is for the state court to resolve (if necessary). This Court will tax the transcription costs incurred in this case despite the potential reuse of the transcripts in a future state action. Now, Plaintiff's concern is speculative. Given the uncertainties whether that action would be commenced or whether Defendants would prevail in that action and the limitations on disbursements they could then claim, the state court is better suited to deal with objections to those disbursements and any arguments of duplication should that scenario occur.

This Court is unaware of a pending state court action. As she argued (Docket No. 128, Pl. Memo. at 2), Plaintiff has pending an appeal of this Court's Decision and Order and probably has not commenced a state action (and may not do so until that appeal has been litigated). Plaintiff's fear of a duplicate cost award only arises if she does not prevail in a yet-to-be commenced state action. The state court considering that disbursement then would be in a better posture to consider whether to grant these costs or not (subject to the limits in the CPLR).

This Court thus rejects Plaintiff's duplication objection to taxing costs.

E.  Timing of Bill of Costs and Plaintiff's Appeal

Under this Court's Local Civil Rule 54(f) and WDNY Guidelines, "unless otherwise ordered by the District Court, or the Circuity Court of Appeals pursuant to Fed. R. App. P. 9, the filing of an appeal shall not stay the taxation of costs," WDNY Guidelines Part I.F.2 (but cf. id. Part I.F.1., this Court defers consideration of a Bill of Costs until resolution of a pending post-judgment motion).

This Court here has not stayed taxation of costs pending the appeal.  Plaintiff filed her Notice of Appeal days after Defendants filed their Bill of Costs, but she did not seek any stay of the Bill.  Reviewing the Circuit Court's docket for Plaintiff's appeal, Black v. Buffalo Meat Serv., No. 21-1468, this Court is not aware of an Order from the Court of Appeals staying taxation of costs here.

This Court rejects Plaintiff's argument that taxation of costs is premature while her appeal is pending.  Insofar as this Court is concerned, the Judgment entered here is final and costs may be taxed.  Thus, Plaintiff's appellate objection is rejected.

F.  Sufficient Documentation of Claimed Costs

Finally, Plaintiff objects to the lack of support for the costs claimed (Docket No. 128, Pl. Memo. at 2).  Defendants acknowledged the deficiencies in the original supporting invoices for the Bill of Costs and supplemented with invoices stating the per page rate and the number of pages transcribed by one court reporter.  Confirming the court reporter's calculations, the rates charged are substantiated and reasonable.  Therefore, this Court accepts the total claimed transcription costs and denied Plaintiff's objection on this ground.

### IV.     Conclusion

Defendants' Bill of Costs (Docket No. 125) to tax $10,844.70 is granted in its entirety.  The Bill of Costs is not stayed by Order of this Court or of the Court of Appeals for the Second Circuit due to the pending appeal.  Defendants are prevailing parties despite Plaintiff having potential claims that she could raise in state court.  Since these claims are potential, any risk of duplicate charges for the transcripts used in both this Court and state court is for the state court to adjudicate.  Having been compensated by taxing these costs in this case, Defendants would be wise not to raise them again as a disbursement in state court if that action is commenced and they prevail.

### V.     Orders

IT HEREBY IS ORDERED, that Defendants' Bill of Costs (Docket No. 125) is GRANTED.

SO ORDERED.


Dated:     October 19, 2021
           Buffalo, New York


                                                          s/William M. Skretny
                                                        WILLIAM M. SKRETNY
                                                        United States District Judge